**SO ORDERED.**

**SIGNED this 2nd day of December, 2015.**



Dale L. Somers
United States Bankruptcy Judge

_____

Designated for online distribution but not print publication
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

In re:

MARK STEPHEN NEIGHBORS and
SHELLY KAY NEIGHBORS,

DEBTORS.

CASE NO. 11-21003
CHAPTER 11

### MEMORANDUM OPINION AND JUDGMENT DENYING DEBTORS' MOTION TO REIMPOSE STAY AND FINDING THAT DEBTORS AGREED THAT THE DEED OF TRUST MISTAKENLY RELEASED BY CITIMORTGAGE BE REINSTATED

On October 29, 2015, trial was held on a long-standing dispute between Debtors Mark and Shelly Neighbors (Debtors) and CitiMortgage (Citi) concerning a deed of trust securing Citi's loan on real property located in Gravois Mills, Missouri, which the Debtors listed on their Schedule A as property of the estate.[1] Citi contends that it released

---

[1] The issue is raised by Debtors' Motion to Reimpose Automatic Stay on 16961 and 16959 Gentle Slopes Drive. Doc. 186. The hearing on the stay motion was combined with the hearing on Citi's Motion to Convert. Doc. 416. The ruling on the motion to convert is made by separate Memorandum and Judgment.

its deed of trust by mistake during the pendency of this case, that Debtors agreed to reinstate the lien, and that the Court should order the lien to be reinstated. Debtors contend they did not agree to reinstate the lien and refuse to do so. Debtors appeared in person and by their counsel, Camron Hoorfar. Citi appeared by Eric L. Johnson and Kersten L. Holzhueter of Spencer Fane Britt & Browne, LLP. The Court has jurisdiction.[2] For the reasons discussed below, the Court finds that Debtors agreed to reinstate the deed of trust and order counsel for Citi to prepare an order of this court to be recorded in Missouri to accomplish the reinstatement.

**BACKGROUND FACTS.**

Debtors with the assistance of their counsel Erlene Krigel filed for relief under Chapter 11 on April 12, 2011. Debtors' Schedule A includes as real property owned by the Debtors two parcels commonly known as 16959 (Tract E5) and 16961 (Tract E4) Gentle Slopes Drive, Gravois Mills, Missouri. Each tract secures a loan held by Citi. The deeds of trust contained the correct legal description for Tract E4 and Tract E5, but each deed of trust contained the street address for the other property. The deed of trust

---

[2] This Court has jurisdiction pursuant to 28 U.S.C. § 157(a) and §§ 1334(a) and (b) and the Amended Standing Order of Reference of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's Bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective June 24, 2013. D. Kan. Standing Order No. 13-1, *printed in* D. Kan. Rules of Practice and Procedure at 168 (March 2014). This is a core proceeding which this Court may hear and determine as provided in 28 U.S.C.§ 157(b)(2)(K). There is no objection to venue or jurisdiction over the parties.

for Tract E4 listed the street address as 16959 Gentle Slopes Drive and the deed of trust for Tract E5 listed the street address as 16961 Gentle Slopes Drive.

On September 19, 2011, Citi moved for relief from stay as to Tract E4.[3] The motion was granted on November 3, 2011.[4] Citi moved for relief from stay as to Tract E5 on October 14, 2011,[5] and the motion was granted in November 15, 2011.[6]

On December 14, 2011, Debtors filed a motion to sell Tracts E4 and E5 for less than Citi's lien.[7] The motion was not opposed and was granted January 5, 2012. Tract E4 was sold, and the proceeds were distributed to Citi. Although intending to release its deed of trust on Tract E4, Citi mistakenly released its deed of Trust on Tract E5.

After learning of the erroneous release and the failure of Citi to release its lien on Tract E4 which had been sold and becoming fearful that Citi might attempt to foreclose its deeds of trust, Debtors filed their Motion to Reimpose the Automatic Stay as to 16961 and 16959 Gentle Slopes Drive (Motion).[8] Citi opposed the Motion.

---

[3] Doc. 67.

[4] Doc. 90.

[5] Doc. 80.

[6] Doc. 102.

[7] Doc. 109.

[8] Doc. 186.

**THE ALLEGED AGREEMENT.**

This dispute is about whether Debtors agreed to resolve the Motion by (1) Citi's release of its deed of trust on Tract E4 and (2) Debtors' execution of the appropriate documents to reinstate the lien on Tract E5.

The record reveals that immediately after the filing of the Motion, Citi and Debtors, through their counsel, were attempting to resolve the matter by agreement. An expedited hearing on the Motion was held on August 17, 2012. The courtroom minute sheet reflects that the stay was reimposed until September 21, 2012 and the "parties are attempting to resolve issues."[9] By agreement of the parties, the September hearing was continued to October 19, 2012, and that hearing was continued to November because "Attempting to Resolve Issues."[10]

On December 21, 2012, during the continued hearing on the Motion, Debtors' counsel reported to the Court that it could

> overrule the motion because I think we've resolved the issue related to the motion. The lender has released the mortgage, deed of trust, on the property that it should have released the mortgage on and consequently can't foreclose on that property, so we don't need to reimpose the stay for that property.
> The other property where it was mistakenly released, we are working on getting that corrected.[11]

---

[9] Doc. 194.

[10] Doc. 209.

[11] Doc. 372-2, 2 (Tr. Dec. 21, 2012).

4

Citi's counsel agreed with the statement.

Former counsel for Citi testified that on October 24, 2012, before the December hearing, a proposed affidavit of mistaken release as to Tract E5 was e-mailed to Debtors' counsel. On November 20, 2012, also before the December hearing, Citi filed in the Missouri real estate records a Full Deed of Release as to Tract E4. After the December hearing, Debtors' counsel drafted and submitted to Citi's counsel a proposed order overruling the Motion. After reciting the background facts, the proposed order provided:

> CitiMortgage, Inc. has now released its Deed of Trust against the real property at 16961 Gentle Slopes Drive, Gravois Mills, Missouri and the Debtors have agreed that they will execute the appropriate documents to allow the Deed of Trust which was mistakenly released to be filed against the real property at 16959 Gentle Slopes Drive, Gravois Mills, Missouri.[12]

The proposed order has not been entered, and an affidavit of mistaken release has not been executed by Debtors. Debtors contend that they did not agree to the resolution of the dispute in the manner stated on the record by their counsel. Debtors currently refuse to authorize the filing of the proposed order and to sign an affidavit.

**DISCUSSION.**

The evidence in support of there having been an agreed resolution of the problems created by Citi's mistaken release of the deed of trust on Tract E5 is convincing. The docket entries on August 12 and October 19, 2012, when the hearing on the Motion was continued, reflect that parties were attempting to settle the issue. When a hearing was

---

[12] Doc. 372-1, 6.

5

held on December 21, 2012, Debtors' counsel recited the terms of an agreement on the record, and Citi's counsel stated that he agreed with the statement. Following the hearing, Debtors' counsel prepared and provided to Citi's counsel a proposed order resolving the Motion, in which the terms of the agreement were stated.

The attorney representing Citi from the fall of 2012 to early 2015 filed an affidavit stating that "[p]rior to the Court hearing on the motion, Debtors' counsel, Erlene Krigel, and I negotiated how to resolve the issues. The parties agreed that Citi would release its lien on Tract E4 and Debtors agreed to execute the appropriate documents to reinstate the lien on Tract E5."[13] His testimony was consistent with his affidavit. He also testified that Citi released its deed of trust on Tract E4 in reliance on the agreement, but Debtors' have not provided the affidavit to reinstate the lien.

The testimony of Debtor Mark Neighbors is the only evidence that the agreement to release the deed of trust on Tract E4 in exchange for an affidavit of mistaken release of lien on Tract E5 was not made. He testified that he did not authorize his bankruptcy counsel to make the alleged agreement with Citi that was announced on the record on December 21, 2012, and that hearing was one of only two which he has not attended.[14] The Court's minute sheet confirms that Mark Neighbors was not present at the December 21, 2012 hearing.

---

[13] Doc. 372-1, 1.

[14] The other hearing which Debtor Mark Neighbors testified he did not attend was the hearing on the motion of Erlene Krigel, Debtors' original bankruptcy counsel, to withdraw.

6

The Court finds Mark Neighbors' testimony that he did not authorize his counsel to represent that he had agreed to reinstate the deed of trust on E5 not credible.  He was quick to answer any question when the answer appeared to provide no information adverse to his interests, but at other times, when a question was directed at any matter where the answer could be adverse to him, he was evasive, testified that he did not know, or that he had forgotten. When possible errors in his schedules, disclosure statement, and proposed plan were revealed, he attributed the errors to his former counsel, denied that he had discussed the filings with his counsel, questioned whether he had reviewed the pleadings, and even questioned whether he had signed the documents.  In addition, Debtor testified that one of his present reasons for not agreeing to the settlement was because the continuation of the dispute provides leverage in his attempts to force Citi to agree to modification to the terms of his home mortgage loan.

**CONCLUSION.**

For the forgoing reasons, the Court denies the Motion and finds that Debtors and Citi agreed to settle the issues raised by Debtors' Motion by (1) Citi's release of its deed of trust on Tract E4 and (2) Debtors' execution of appropriate documents to reinstate the lien of the mistakenly released deed of trust on Tract E5.  Citi has completed its obligation, but Debtors have not.  To accomplish the Debtors' obligation, the Court directs counsel for Citi to prepare and submit for this Court's signature an order accomplishing the reinstatement of the mistakenly released lien on Tract E5, in a form appropriate for recording in Missouri.

The foregoing constitute Findings of Fact and Conclusions of Law under Rules 7052 and 9014(c) of the Federal Rules of Bankruptcy Procedure which make Rule 52(a) of the Federal Rules of Civil Procedure applicable to this matter.

**JUDGMENT**.

Judgment is hereby entered denying the relief sought in the Debtors' motion to reimpose the stay on Tracts E4 and E5. The judgment based on this ruling will become effective when it is entered on the docket for this case, as provided by Federal Rule of Bankruptcy Procedure 9021.

**IT IS SO ORDERED.**

###