SO ORDERED.

SIGNED this 1st day of March, 2016.



Dale L. Somers<br>
Dale L. Somers<br>
United States Bankruptcy Judge

___

Designated for online use but not print publication
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **In re:** | |
| **MARK STEPHEN NEIGHBORS** and **SHELLY KAY NEIGHBORS,** | CASE NO. 11-21003<br>CHAPTER 7 |
| DEBTORS. | |

### MEMORANDUM OPINION AND JUDGMENT
### DENYING DEBTORS' MOTION FOR STAY PENDING APPEAL OF
### JUDGMENT CONVERTING CASE TO CHAPTER 7

The matter before the Court is the Motion for Stay of Memorandum Opinion and Judgment Converting Case to Chapter 7 Pending Appeal filed by Debtors Mark and Shelly Neighbors (Motion).[1]

___

[1] Doc. 476

1

**PROCEDURAL BACKGROUND.**

The Debtors filed a voluntary Chapter 11 bankruptcy petition on April 12, 2011. After several extensions of the exclusivity period, Debtors filed a proposed plan of reorganization and a disclosure statement on December 30, 2011. CitiMortgage, Inc. (Citi) objected, and no confirmation hearing was held. An amended plan and disclosure statement were filed on June 15, 2012.[2] After objections were withdrawn, the amended disclosure statement was approved on November 16, 2012,[3] but a confirmation hearing was never held.

On July 2, 2015, the Court held a telephonic status conference on the pending amended plan and other matters. On August 4, 2015, Debtors filed their Motion to Dismiss Chapter 11 Bankruptcy Case[4] for cause under § 1112(b)(2), stating in part that there is no reasonable likelihood of rehabilitation; Debtors believe that they will not be able to confirm a plan within the time fixed due to disputes with Citi; and Debtors do not have sufficient source of income to sustain a Chapter 11 Plan or to reorganize. Bank of Versailles filed a limited objection.[5] Citi objected to the motion.[6]

---

[2] Docs. 166 & 167.

[3] Doc. 218.

[4] Doc. 402 (Doc. 402 was later withdrawn and Doc. 404 with minor changes was filed in its place).

[5] Doc. 405.

[6] Doc. 407.

2

On August 31, 2015, Citi filed a motion to convert case to Chapter 7. Citi contended that conversion, rather than dismissal, would be in the best interests of creditors. On the eve of the scheduled hearing on Debtors' motion to dismiss and Citi's motion to convert, Debtors moved to withdraw their motion to dismiss.[7] When granting Citi's motion to dismiss, the Court found that "the withdrawal of the motion to dismiss was an attempt by Debtors to manipulate the bankruptcy system and delay creditor action,"[8] but granted Debtors' motion to withdraw.[9]

After an evidentiary hearing, the case was converted to Chapter 7 for cause, for the reasons set forth in the Memorandum Opinion and Judgment Converting Case to Chapter 7 filed on December 21, 2015.[10] The Court found cause for dismissal or conversion under 1112(b)(1) because (1) there has been substantial loss to the estate and there is an absence of a reasonable likelihood of rehabilitation[11] and (2) Debtors' failure to obtain a confirmed plan or even to seriously pursue confirmation, even though the Chapter 11 case had been on file for over four and one half years.[12] The Court further concluded that

---

[7] Doc. 438.

[8] Doc. 460, 19.

[9] Doc. 440.

[10] Doc. 460.

[11] *Id.*, 16-18.

[12] *Id.*, 18-21.

3

conversion would be in the best interests of creditors and the estate.[13]  Extensive findings of fact support the Court's analysis, but will not be repeated here.

Debtors filed a Notice of Appeal to the District Court on December 30, 2015, and on January 13, 2016 filed their Motion for stay under Rule 8007.  Citi and the Chapter 7 Trustee, Patricia E. Hamilton, have responded to the Motion, urging that it be denied.

**DISCUSSION.**

**A. Applicable law.**

The Court considers four factors when ruling on a motion for stay pending appeal: (1) the likelihood of success on appeal; (2) the threat of irreparable harm to the appellant if the stay is not granted; (3) the absence of harm to opposing parties if the stay is granted; and (4) the risk of harm to the public interest.[14]  The Tenth Circuit applies a balancing approach; where "the three 'harm' factors tip decidedly in" favor of the party seeking a stay, "the 'probability of success' requirement is some what relaxed."[15]  The Third Circuit, after thorough analysis, found that the four factors are "interconnected,"  adopted a sliding scale approach similar to that of the Tenth Circuit, and held that a bankruptcy court when ruling on a motion for stay pending appeal should conduct the following analysis:

---

[13] *Id.*, 22-24.

[14]  *Fed. Trade Comm'n v. Mainstream Mktg. Services, Inc.*, 345 F.3d 850, 852 (10th Cir. 2003); *Sunflower Racing, Inc. v. Mid-Continent Racing & Gaming Co. (In re Sunflower Racing , Inc.),* 221 B.R. 940, 942 (D. Kan. 1998).

[15] *Fed. Trade Comm'n*, 345 F.3d at 852.

4

> Did the applicant make a sufficient showing that (a) it can win on the merits (significantly better than negligible but not greater that 50%) *and* (b) will suffer irreparable harm absent a stay? If it has, we "balance the relative harms considering all four factors using a 'sliding scale' approach. However, if the movant does not make the requisite showings on either of these [first] two factors, the [ ] inquiry into the balance of harms [and the public interest] is unnecessary, and the stay should be denied without further analysis."[16]

**B. Debtors have not demonstrated a likelihood of prevailing on appeal.**

The Court concludes that Debtors have not made a showing of more than a negligible likelihood of success on appeal. When moving for a stay, Debtors argue that they believe they will succeed on appeal of the finding of cause under §1112(b) because: (1) the Court mistakenly relied on motions and statement previously withdrawn by the Debtors; (2) Debtors have plans to revitalize their business and obtain sufficient sources of income to sustain a Chapter 11 plan or reorganization; and (3) before conversion Debtors were actively working with their bankruptcy counsel to prepare and file a confirmable plan.[17] The Court finds that the likelihood of reversal based on these grounds is not significantly better than negligible.

The Court's use of Debtors' statements in their withdrawn motion to dismiss was not error. When finding cause for conversion or dismissal, the Court quoted statements of Debtors from their motion to dismiss that "their overall financial situation has drastically

---

[16] *In re Revel AC, Inc.*, 802 F.3d 558, 571 (3rd Cir. 2015)(quoting *In re Forty-Eight Insulations, Inc.*, 115 F.3d 1294, 1300-01 (7th Cir. 1997)).

[17] Doc. 476, 3-4.

5

declined" and "due to the decrease in income and loss of real estate, Debtors believe they do not have sufficient sources of income to sustain a Chapter 11 Plan or reorganization."[18] However, the Court then analyzed the trial testimony which it found "confirmed this assessment."[19] Later in the opinion, the Court quoted Debtors' statement, also included in their motion to dismiss, that they "believe that they will not be able to confirm a plan within the time fixed"[20] because of unresolved issues with Citi. Based upon the evidence, the Court considered but rejected Debtors' contention that circumstances had changed since the filing of their motion to dismiss.

The Court's use of Debtors' statements in their motion to dismiss are unlikely to be a basis for reversal. "[I[f a pleading is amended, withdrawn, or superceded by a substitute pleading, it ceases to be usable as a conclusive judicial admission, but is admissible in evidence as an evidentiary admission. An evidentiary admission is not conclusive, but rather is subject to contradiction or explanation."[21] Debtors' statements were relied upon as evidence, not conclusive admissions.

The additional grounds for reversal of the finding of cause enumerated in Debtors' Motion were considered and rejected by the Court in its written opinion. They are

---

[18] Doc. 460, 17.

[19] *Id*.

[20] *Id*. at 19.

[21] *In re Fordson Eng'g Corp.*, 25 B.R. 506, 509 (Bankr. E.D. Mich. 1982)(citations omitted) (*citing Raulie v. U.S.*, 400 F.2d 487, 526 (10th Cir. 1968) and *Cooper v. Brown*, 126 F.2d 874 (3rd Cir. 1942)).
6

unlikely bases for reversal, since there are primarily assertions of future plans unsubstantiated by evidence of concrete actions taken before the trial on the motion for conversion.

Next, Debtors assert that they will prevail on appeal of the Court's order of conversion because the order merely effected the wishes of Citi, rather than being in the best interests of creditors and the estate. When, as in this case, cause exists, whether to order conversion or dismissal is determined in the sound discretion of the Court based upon the circumstances of the case. Here the Court found conversion preferable, because of the benefits of administration by a Chapter 7 Trustee. Debtors do not show that this finding was an abuse of discretion.

Finally, Debtors argue that it is likely that the conversion order will be reversed because there are unusual circumstances within the meaning of § 1112(b)(2) and there is a reasonable likelihood that a plan will be confirmed. Subsection (b)(2) of § 1112 provides that even if cause exists, the court may not convert or dismiss a case "if the court finds and specifically identifies unusual circumstances" and other conditions, including the likelihood of a timely confirmed plan, are satisfied. The Court when ordering conversion found that Debtors provided no evidence of unusual circumstances. When urging that they will prevail on appeal based upon § 1112(b)(2), Debtors do not identify error in this conclusion.

7

**C. Debtors will not suffer irreparable harm if a stay is not ordered.**

Debtors argue they will suffer irreparable harm if the order of conversion is not stayed because the Chapter 7 Trustee will attempt to sell two non-exempt boats, will attempt to liquidate Debtors' business' lake property (which they now allege is not property of the estate), will take control of Debtors' adversary proceeding against Citi,[22] and will obtain the fruits of settlement of Debtors' claims against a third party without compensating Debtors for litigation expenses. The Trustee responds that any sale of estate property would be done with notice to all creditors and the Debtors. Debtors' adversary proceeding against Citi could not be litigated without Debtors' involvement and could not be settled without notice to Debtors. To the extent Debtors' estate recovers funds from the third party settlement, the Trustee will be obligated to administer the recovery in accord with the Bankruptcy Code.

Debtors will not suffer irreparable harm if the Motion for stay is denied. There is no need for an all encompassing stay; Chapter 7 procedures will adequately protect Debtors' interests.

**D. The Motion for stay is denied.**

Debtors have not shown other than a negligible probability of success on the merits of the appeal. Debtors will not suffer irreparable harm if the Motion is denied.

---

[22] *Neighbors v. CitiMortgage, Inc.*, case no. 15-6106, Bankr D. Kan. filed October 15, 2015. Debtors' motion to dismiss was pending when the adversary was filed.

Therefore the Court denies the Motion without consideration of the potential harm to opposing parties and the public interest.[23]

**CONCLUSION.**

For the foregoing reasons, Debtors' Motion for Stay of Memorandum Opinion and Judgment Converting Case to Chapter 7 Pending Appeal is hereby denied.

**IT IS SO ORDERED.**

### 

---

[23] Debtors argue that the third and fourth factors, absence of harm to opposing parties and to the public interest, also support the grant of a stay. The Court finds the third factor is essentially neutral; the only harm to third parties would be further delay. The Court finds that the public interest is not a factor. Therefore, these factors do not provide a reason to issue a stay and their consideration would not change the result.

9