IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

IN RE:
NEIGHBORS, MARK STEPHEN
NEIGHBORS, SHELLY KAY,

Case No: 11-21003 DLS

Debtors.

## TRUSTEE'S MOTION FOR TURNOVER

COMES NOW Patricia E. Hamilton, Chapter 7 Trustee, for her Motion for Turnover, states:

1. Debtors filed a voluntary Chapter 11 on April 12, 2011.

2. On December 23, 2015, the case was ordered converted to a Chapter 7.

3. Debtors filed amended schedules on February 17, 2016.

4. Debtors' amended Schedule A states that property located at 16959 Gentle Slopes Drive, Gravois Mills, Missouri (the "E-5 Property") is owned by the Mark S. and Shelly K. Neighbors, LLC (the "Mark and Shelly Neighbors LLC"). Upon information and belief, the Mark and Shelly Neighbors, LLC is wholly owned by the Debtors. The Debtors' interest in the Mark and Shelly Neighbors, LLC is property of the estate. The Trustee holds all interest in the Mark and Shelly Neighbors, LLC, including but not limited to the E-5 Property.

5. Upon information and belief, the E-5 Property is subject to a recorded deed of trust which is the subject of litigation involving Citimortgage (the "E-5 Litigation").

6. Although the Debtors commenced the E-5 Litigation prior to the conversion of their case, the Debtors' (and or the LLC's) asserted claims involved in the E-5 Litigation are property of

the estate either because of the Debtors' direct interest or their interest through the wholly owned LLC.

7. The Trustee requests the Court enter an order that directs the Debtors to deliver the keys to the E-5 Property to the Trustee or, in the alternative, authorizes the Trustee to change the locks to the E-5 Property. The Trustee further seeks an order authorizing the Trustee to inspect and inventory the contents of the E-5 Property.

8. On May 5, 2016, the Trustee conducted a continued § 341 meeting. The Debtor, Mark Neighbors, appeared in person and with his counsel. Mr. Neighbors provided responded to some questions regarding the E-5 Property, but ultimately stated that he would not answer any furthers questions of the Trustee on the basis that there is an appeal pending in regard to the conversion. Upon information and belief, Mr. Neighbors also stated that he would not provide the requested information and documentation on the basis that there are no unsecured creditors in the case.

9. The Debtor, Mark Neighbors, also testified at the May 5, 2016 meeting that the Chris Craft boat is located at the E-5 Property.

10. The Trustee believes it is in the best interest of creditors that the E-5 Property and the Chris Craft boat be marketed and sold in order to minimize expenses and maximize recovery of creditors. However, listing for sale, the Trustee must secure possession and control of the E-5 Property and the Chris Craft boat. Upon information and belief, the Debtors oppose these efforts on the basis that there is a pending appeal and there are no unsecured creditors in the case. However, CitiMortgage is a creditor in the case and although the E-5 Litigation is pending, that litigation is now under the control of the Trustee as a result of the conversion.

11. The Trustee has attempted to work with the Debtors to obtain information in order to administer the assets of the estate. However, the Debtors have failed and refused to cooperate on various factual and legal basis that involve many of the same issues which were addressed in the hearing and order on the conversion from Chapter 11 to Chapter 7, as well as in the Debtors' Motion for Stay Pending Appeal. The Court denied the Motion for Stay Pending Appeal. Without an order from the Court granting the Trustee's Motion, the Debtors' are seeking to obtain the benefits of a stay pending appeal despite denial of the requested relief.

12. The Trustee is obtaining a transcript of the May 5, 2016 meeting and will supplement this Motion with a copy of the transcript upon receipt. The Trustee believes the transcript will demonstrate Mark Neighbor's willful refusal to cooperate with the Trustee and to provide information. Such conduct is harmful and prejudicial to the administration of the bankruptcy estate and to the creditors of the estate.

13. The Trustee requests that the Court further order that the Trustee be accompanied by a representative of the U.S. Marshals' Service to the E-5 Property to ensure the safety of the Trustee.

14. The Trustee also requests that the Court order that Mainstreet Credit Union Bank be directed to turn over the proceeds of the Beadle settlement approved on January 25, 2016 (Doc. No. 494), in the amount of $45,000 as the terms and conditions of the Settlement Agreement, attached to the Debtors' Motion to Approve Compromise filed on November 16, 2015 (Doc. No. 444), provides that the settlement funds are due and payable to "Mark Neighbors and Shelly Neighbors."

WHEREFORE, the Trustee requests the Court enter an order granting the relief requested herein, and for such other relief as is just and equitable.

Respectfully submitted,

s/ Patricia E. Hamilton
Patricia E. Hamilton KS #13263
917 SW Topeka Blvd.
Topeka, KS  66612
785-408-8000 phone
785-408-8003 fax
phamilton@stevensbrand.com
Chapter 7 Trustee
Counsel for the Chapter 7 Trustee

CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the Trustee's Motion for Turnover was filed electronically on May 6, 2016 with the United States Bankruptcy Court for the District of Kansas using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.

Further, I certify that a copy of the Trustee's Motion for Turnover was served by U.S. Mail, first class postage prepaid and properly addressed to the following party/parties.

NEIGHBORS, MARK STEPHEN
14761 BOND STREET
OVERLAND PARK, KS 66221

NEIGHBORS, SHELLY KAY
14761 BOND STREET
OVERLAND PARK KS 66221

s/ Patricia E. Hamilton
Patricia E. Hamilton #13263