IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In Re: ) | |
| ) | |
| Mark Stephen Neighbors, and ) | Case No. 11-21003 DLS |
| Shelly Kay Neighbors, ) | |
| ) | Chapter 7 |
| Debtors. ) | |

## DEBTORS' RESPONSE TO TRUSTEE'S MOTION FOR TURNOVER

COME NOW Debtors, Mark Neighbors and Shelly Neighbors, by and through their attorney of record, Camron Hoorfar of the Law Office of Camron Hoorfar, P.C., and for their response to Trustee's Motion for Turnover, respectfully state as follows:

1. Trustee filed her Motion for Turnover on May 6, 2016 (Doc. 561).

2. Debtors respond to Trustee's Motion for Turnover as follows:

### Debtors Object to Trustee's Motion for Turnover Because Debtors' Pending Renewed Motion for Stay of Memorandum Opinion and Judgment Converting Case to Chapter 7 Pending Appeal

a. Debtors filed their Renewed Motion for Stay of Memorandum Opinion and Judgment Converting Case to Chapter 7 on May 13, 2016, Appeal Number 2:16-cv-02003-JAR (Doc. 10).

### Debtors Object to Trustee's Motion for Turnover of E-5 Property and Chris Craft Boat

b. There are currently no unsecured creditors, and the Trustee cannot take the actions stated in her Motion for Turnover until the Court ordered Setting Last Day to File Proofs of Claim on July 29, 2016.

1

c. Debtors request that the Court deny Trustee's request for an order authorizing the Trustee to change the locks to the E-5 Property.

d. Debtors request that the Court deny Trustee's request for an order authorizing the Trustee to inspect and inventory the contents of the E-5 Property.

e. Debtors object to Trustee's accompaniment by a representative of the U.S. Marshals' Service because there is no danger to the safety of the Trustee.

f. Debtors believe that the Trustee is only making the request to embarrass the Debtors and to falsely bolster the Trustee's claims.

**Debtors Object to Trustee's Motion for Turnover of Beadle Settlement Because Debtors are Complying with Court Orders**

g. On April 12, 2011, the Debtors, Mark Neighbors and Shelly Neighbors, filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, case number 11-21003 (Doc. 444).

h. On April 13, 2011, the Debtor, Neighbors Investments, Inc., filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, case number 11-21022 (Doc. 293).

i. Mark and Shelly Neighbors and Neighbors Investments, Inc. ("Debtors") filed an adversary proceeding against Linda Beadle ("Beadle") on July 12, 2012 and reached a settlement agreement with Beadle on September 9, 2015 (Docs. 444 and 293).

j. Per the compromise, and to settle the claims of Mark Neighbors, Shelly Neighbors, and Neighbors Investments, Inc., Beadle agreed to pay Debtors the total sum of forty-five thousand dollars ($45,000) ("Beadle Compromise") (Docs. 444 and 293).

2

k. Neighbors Investments, Inc. submitted to the Court a Motion to Approve Compromise between Linda Beadle, Mark Neighbors, Shelly Neighbors, and Neighbors Investments, Inc. on November 13, 2015 (Doc. 293).

l. Mark and Shelly Neighbors submitted to the Court a Motion to Approve Compromise between Linda Beadle, Mark Neighbors, Shelly Neighbors, and Neighbors Investments, Inc. on November 16, 2015 (Doc. 444).

m. Following a hearing on January 8, 2016, the Court issued an Order on January 25, 2016 approving the Beadle Compromise in Mark and Shelly Neighbors' Chapter 11 case number 11-21003 and Neighbors Investments, Inc.'s Chapter 11 case number 11-21022 (Docs. 494 and 311).

n. Pursuant to the terms of the Court approved Beadle Compromise, Neighbors Investments, Inc., received one-half of the forty five thousand dollar ($45,000) settlement, equating to twenty-two thousand five hundred dollars ($22,500) ("Settlement Funds") (Doc. 314).

o. Pursuant to the Neighbors Investments, Inc.'s confirmed plan and Court order, Neighbors Investments, Inc. distributed forty percent (40%) of the net funds of the twenty-two thousand five hundred dollars ($22,500) settlement (Doc. 314).

p. Forty percent (40%) of the twenty-two thousand five hundred dollars ($22,500) settlement was approximately nine thousand dollars ($9,000) (Doc. 314).

q. In a February 17, 2016 Motion for Authorization to Distribute Settlement Funds to Unsecured Creditors Pursuant to the Confirmed Chapter 11 Plan, Neighbors Investments, Inc. asked the Court to enter an order authorizing a distribution of eight thousand nine hundred ninety-nine dollars and ninety-nine cents ($8,999.99) to three (3)

3

unsecured creditors with Neighbors Investments, Inc. to retain the remaining thirteen thousand five hundred dollars and one cent ($13,500.01) (Doc. 314).

  r. The Court entered an Order Granting Neighbors Investments, Inc.'s Motion for Authorization to Distribute Settlement Funds to Unsecured Creditors Pursuant to the Confirmed Chapter 11 Plan on April 6, 2016 (Doc. 329).

  s. Neighbors Investments, Inc., in compliance with Court order, distributed eight thousand nine hundred ninety-nine dollars and ninety-nine cents ($8,999.99) of its share of the Settlement Funds to three (3) unsecured creditors pursuant to the Court Order confirmed Chapter 11 plan.

  t. Neighbors Investments, Inc., in compliance with Court order, retained its remaining share thirteen thousand five hundred dollars and one cent ($13,500.01) of the Settlement Funds.

  u. On April 25, 2016, the Court entered an Order granting Neighbors Investments, Inc.'s Application for Final Decree and closing Neighbors Investments, Inc.'s Chapter 11 bankruptcy case (Doc. 334).

  v. Neighbors Investments Inc., in compliance with Court order, retained its thirteen thousand five hundred dollars and one cent ($13,500.01) share of the Settlement Funds as part of its now closed Chapter 11 bankruptcy, which is separate from this proceeding, Mark and Shelly Neighbors' Chapter 7 bankruptcy.

  w. Per Court order, Trustee is not entitled to any portion of Neighbors Investments Inc.'s twenty-two thousand five hundred ($22,500) share of the Settlement Funds, including the eight thousand nine hundred ninety-nine dollars and ninety-nine cents ($8,999.99) distributed to unsecured creditors and the thirteen thousand five

hundred dollars and one cent ($13,500.01) retained by Neighbors Investments Inc. per the Court's orders.

WHEREFORE Debtors, Mark Neighbors and Shelly Neighbors, request that this Honorable Court deny Trustee's Motion for Turnover and any such further relief the Court deems just and proper.

Respectfully submitted,

/s/ Camron Hoorfar, J.D. LL.M.
Camron Hoorfar, J.D.  LL.M.
MO 60942    KS 24008    OK 31924
202 SW Market Street
Lee's Summit, MO  64063
Phone:  816-524-4949
Fax:  816-524-4963
Choorfar@Hoorfarlaw.com
Attorney for Debtors

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the Debtors' response was served, in addition to the parties notified by the US Bankruptcy Court's electronic notification, upon the affected creditor and other parties in interest this 19th day of May, 2016 to:

    Patricia Hamilton, Trustee
    917 S. Topeka Blvd.
    Topeka, KS 66612

                                                /s/ Camron Hoorfar, J.D. LL.M.
                                                Camron Hoorfar    KS 24008