IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In Re: ) | |
| ) | |
| Mark Stephen Neighbors, and ) | Case No. 11-21003 DLS |
| Shelly Kay Neighbors, ) | |
| ) | Chapter 7 |
| Debtors. ) | |

**DEBTORS' RESPONSE TO TRUSTEE PATRICIA HAMILTON'S MOTION TO COMPEL**

COME NOW Debtors, Mark Neighbors and Shelly Neighbors, by and through their attorney of record, Camron Hoorfar of the Law Office of Camron Hoorfar, P.C., and for their response to Trustee's Motion to Compel, respectfully state as follows:

1. Trustee filed her Motion for Compel on May 6, 2016 (Doc. 560).

2. Trustee "requests the Court enter an order compelling the Debtors' (*sic*) to provide the information and documentation set out" in her Motion to Compel. (Doc. 560).

3. Debtors object to Trustee's Motion to Compel for the following reasons:

    a. Debtors attempted to set up a meeting prior to the § 341 meeting with the Trustee to limit production of documents and save resources, but the Trustee ignored the Debtors' request. Debtors further object to the Trustee's request because there are currently no unsecured creditors.

    b. Trustee is asking, over five years after the filing date of Debtors' Chapter 11 bankruptcy case, for documents that are irrelevant to the instant proceeding because there are no unsecured creditors and Trustee is operating outside of her authority.

    c. Debtors attempted to set up a meeting prior to the § 341 meeting with the Trustee to limit production of documents and save resources regarding the LLCs, but the

1

Trustee ignored the Debtors' request. Debtors further object to the Trustee's request because it requests information irrelevant to the instant proceeding, and there are currently no unsecured creditors.

  d.  Debtors attempted to set up a meeting prior to the § 341 meeting with the Trustee to limit production of documents and save resources regarding M&D Partnership, but the Trustee ignored the Debtors' request. In addition, Trustee's request is overbroad and unduly burdensome such that it is impossible to reasonably determine the scope of the requested information or the information that is legitimately required to be produced by Debtors. Debtors further object to the Trustee's request because it requests information irrelevant to the instant proceeding, and there are currently no unsecured creditors.

  e.  Debtors attempted to set up a meeting prior to the § 341 meeting with the Trustee to limit production of documents and save resources regarding the Debtors' corporations and Canyon Ranch, but the Trustee ignored the Debtors' request. Debtors further object to the Trustee's request because it requests information irrelevant to the instant proceeding, and there are currently no unsecured creditors.

  f.  Debtors object to Trustee's request to compel documents regarding Mr. Neighbor's Father's Trust because Mr. Neighbor's Father is not a party the instant proceeding and the Trustee is operating outside her authority.

  g.  Debtors object to Trustee's request to compel Debtors' "2015 tax return" because Debtors have not filed a tax return for 2015. Additionally, Trustee's Motion to Compel is the first time Trustee has requested a copy of Debtors' "extension for filing 2015 tax return."

h. Debtors object to Trustee's request to compel "[d]ocuments regarding settlement with Bank of Versailles" because Trustee has access to the relevant documentation, *see, i.e.* (Doc. 204), and these materials should be available by request from Debtors' former counsel Erlene Krigel, Bank of Versailles, or Bank of Versailles counsel Frank Wendt.

i. Debtors object to Trustee's request to compel "[d]ocuments which the Neighbors believe reflect fraud or misrepresentation of funds in regard to the Bank of Versailles accounts" because Trustee's Motion to Compel is the first time Trustee has requested a copy of this information from Debtors, there are no unsecured creditors, and Trustee is operating outside of her authority.

j. Debtors object to Trustee's request to compel "Debtors' son's address where 1974 Century Boat is stored" because Debtors previously disclosed this information, there are no unsecured creditors, and Trustee is operating outside of her authority.

k. Debtors object to Trustee's request to compel "[n]ame of maintenance company or person with keys to the 'E-5 property'" because Debtors attempted to set up a meeting prior to the § 341 meeting with the Trustee to limit production of documents and save resources, but the Trustee ignored the Debtors' request. Debtors further object to the Trustee's request because there are currently no unsecured creditors, and Trustee is operating outside of her authority.

WHEREFORE Debtors, Mark Neighbors and Shelly Neighbors, request that this Honorable Court enter an Order denying Trustee's Motion to Compel and any such further relief the Court deems just and proper.

3

Respectfully submitted,

/s/ Camron Hoorfar, J.D. LL.M.
Camron Hoorfar, J.D.  LL.M.
MO 60942    KS 24008    OK 31924
202 SW Market Street
Lee's Summit, MO  64063
Phone:  816-524-4949
Fax:  816-524-4963
Choorfar@Hoorfarlaw.com
Attorney for Debtors

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the Debtors' response was served, in addition to the parties notified by the US Bankruptcy Court's electronic notification, upon the affected creditor and other parties in interest this 23rd day of May, 2016 to:

    Patricia Hamilton, Trustee
    917 S. Topeka Blvd.
    Topeka, KS 66612

                                    /s/ Camron Hoorfar, J.D. LL.M.
                                    Camron Hoorfar    KS 24008

5

Case 11-21003   Doc# 572   Filed 05/24/16   Page 5 of 5