IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: ) | |
| ) | |
| MARK STEPHEN NEIGHBORS and ) | |
| SHELLY KAY NEIGHBORS, ) | Case No. 11-21003 |
| ) | Chapter 7 |
| Debtors. ) | |
| ) | |

**CITIMORTGAGE, INC.'S OBJECTION TO
MOTION TO COMPEL TRUSTEE TO ABANDON INTERESTS IN ADVERSARY
PROCEEDING AND MALPRACTICE CLAIMS**

COMES NOW CitiMortgage, Inc. (hereinafter "Citi"), by and through its attorneys of record, and for its Objection to Debtor's Motion to Compel Trustee to Abandon CitiMortgage Adversary Proceeding and Malpractice Claims (the "Motion"), respectfully states as follows:

**INTRODUCTION**

The Motion is without legal or factual merit. First, the Trustee has attempted to obtain information related to the claims subject to the Motion and Debtors have refused. The Debtors are the source of the complaints they raise in the Motion – not the Trustee. Second, the Motion is an example of the reasons this Court converted this case to Chapter 7. Debtors are litigious and pursue claims, not because they have merit, but because they can be used as leverage. The Court converted this case because of its concern that a Chapter 7 Trustee was needed to "impose order evaluating the unliquidated claims and pursuing appropriate dispositions," as Mr. Neighbors is "incapable of making decisions that would bring these matters to an orderly conclusion." The unliquidated claims subject to the Motion should not be returned to the Debtors. The circumstances warranting the conversion have not changed in the past six months. In fact, this Motion along with Debtors' other post-conversion conduct reaffirm that this Court's concerns were legitimate and its conversion of this case was a sound use of its discretion.

WA 8309529.2

# FACTUAL AND PROCEDURAL BACKGROUND[1]

1. Debtors Mark and Shelly Neighbors (collectively, "Debtors") commenced their Chapter 11 bankruptcy case over five years ago by filing their voluntary petition on April 12, 2011 (the "Filing Date").

2. On August 31, 2015, Citi filed a Motion to Convert. [Doc. 416].

3. The Motion to Convert was originally set for hearing on September 8, 2015, but was continued to see if the Debtors and Citi could come to a resolution. Debtors withdrew from such negotiations and initiated duplicate lawsuits against Citi both before this Court (Case No. 15-ap-06106) and in St. Charles County, Missouri. The lawsuits are currently pending.

4. On December 2, 2015, the Court issued its Memorandum Opinion and Judgment Denying Debtors' Motion to Reimpose Stay and Finding that Debtors Agreed that the Deed of Trust Mistakenly Released by CitiMortgage be Reinstated ("E5 Judgment"). [Docs. 449 and 450]. In holding that the Debtors had agreed to reinstate the lien on the E5 property, the Court found the following:

> The Court finds Mark Neighbors' testimony that he did not authorize his counsel to represent that he had agreed to reinstate the deed of trust on E5 not credible. He was quick to answer any question when the answer appeared to provide no information adverse to his interests, but at other times, when a question was directed at any matter where the answer could be adverse to him, he was evasive, testified that he did not know, or that he had forgotten. When possible errors in his schedules, disclosure statement, and proposed plan were revealed, he attributed the errors to his former counsel, denied that he had discussed the filings with his counsel, questioned whether he had reviewed the pleadings, and even questioned whether he had signed the documents. In addition, Debtor testified that one of his present reasons for not agreeing to the settlement was because the continuation of the dispute provides leverage in his attempts to force Citi to agree to modification to the terms of his home mortgage loan.

E5 Judgment at 7. The Debtors did not appeal the E5 Judgment.

---

[1] A detailed procedural history is set forth in Citi's Objection to the Debtors' Motion to Dismiss this Chapter 7 Case. *See* Doc. 602 at 2-9.

5. On December 21, 2015, the Court issued its Memorandum Opinion and Judgment Converting Case to Chapter 7 (the "Conversion Judgment"). [Docs. 459-460]. The Judgment contained extensive findings of fact and conclusions of law including the following:

> In addition, as circumstances constituting cause, the Court considers Debtors' overall conduct during the pendency of this case and concludes that Debtors have not adhered to the minimum standard of conduct required of Chapter 11 Debtors. They have taken advantage of the bankruptcy stay to prevent their creditors from taking action against them, yet they have not seriously attempted to confirm a plan. Rather they filed litigation, disposed of assets, and dealt with debt through stay relief actions. Mark Neighbors has transferred estate property to Neighbors Investments, Inc. without Court approval and without receiving a promissory note. Debtors have not corrected their schedules, although Mark Neighbors testified at trial that they were not accurate.
>
> Debtors are litigious and have used the bankruptcy case to hire professionals, to preserve the timeliness of prepetition state law claims for fraud and similar claims, and to file adversary proceedings. Debtors would like to file additional adversary proceedings for fraud and other alleged misconduct. But Debtors' modus operandi is not to litigate for the purpose of ending disputes, but to obtain leverage over creditors. Part of Debtors' settlement with the Bank of Versailles involved an agreement for the production of documents. This led to seemingly endless motions to compel requiring Court involvement. When Citi made an honest mistake releasing lien in conjunction with the sale of estate property, it took years and an evidentiary hearing to reinstate the lien over Debtors' objection. A judge of this Court devoted a full day to mediation of the Beadle litigation, a resolution was finally reached, but now Debtors seek to avoid the settlement.

Conversion Judgment at 20-21. The Court also found that conversion to Chapter 7 was in the best interests of creditors. In doing so, the Court found, in part, that:

> A Chapter 7 Trustee could impose order evaluating the unliquidated claims and pursuing appropriate dispositions. Mark Neighbors has demonstrated that he is incapable of making decisions that would bring these matters to an orderly conclusion.

*Id*. at 24.

6. On December 24, 2015, Patricia Hamilton (the "Trustee") was appointed Chapter 7 Trustee to the Debtors' bankruptcy estate. The Trustee is a long-serving panel trustee and experienced bankruptcy practitioner and commercial litigator.

7. On June 10, 2016, Debtors requested that this Court compel the Trustee to abandon claims against various entities, including the adversary proceeding against Citi. *See* Doc. 592. The Debtors complain that the Trustee has not moved as fast as the Debtors would like in getting information related to such claims and the Trustee might forego a potential recovery. *See* Doc. 592 ¶¶ 5-6, 11-12.

8. Since conversion, the Debtors have rebuffed the Trustee's attempts to discover assets and to understand their financial affairs, which were initially outlined in Citi's objection to the Debtors' Motion to Dismiss this case. *See* Doc. 602 ¶ 25. Moreover, as referenced by the Trustee:

> On June 16, 2016, the Trustee conducted a continued § 341 meeting. Mark Neighbors and Shelly Neighbors appeared. At the June 16 Meeting, the Trustee asked about each of the Claims referenced in the Motion . . . , specifically whether the Neighbors had documents in their possession, other than pleadings or exhibits filed with the Court, that they believed supported the Claims. Upon information and belief, the Neighbors testified that they did have documents to support one or more of the Claims, but stated that they would not provide them to the Trustee.

[Doc. 603 ¶ 17].

## ARGUMENT

9. "On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C.S. § 554(b).

10. The party seeking abandonment bears the burden of establishing that the property is either burdensome or of inconsequential benefit and value. *Prime Lending II, LLC v. Buerge (In re Buerge)*, 2014 Bankr. LEXIS 1264, at *65 (B.A.P. 10th Cir. Apr. 2, 2014) (holding bankruptcy court abused its discretion in compelling abandonment of stock); *Alexander v. Jensen-Carter (In re Alexander)*, 289 B.R. 711, 715 (B.A.P. 8th Cir. 2003) (upholding denial of motion to abandon when debtor failed to present any evidence showing certain property was a

burden to the estate or of inconsequential value). "[C]ompelled abandonment is not available where the value of the property has not been established" by the moving party. *Prime Lending II, LLC*, 2014 Bankr. LEXIS 1264, at *75.

11. In the Motion, Debtors recognize the standard under section 554(b), but make no attempt to establish that any claims are burdensome or of inconsequential value and benefit. *See* Doc. 592. This alone is reason to deny the Motion.

12. Moreover, Debtors could not argue in good faith that they believe the claims are of inconsequential value, as they stated in the Motion that they believe the claims against Citi are worth in excess of $25,000.[2] Doc. 592 ¶ 2.

13. Also, Debtors cannot argue in good faith that the claims are burdensome. The property subject to the Motion is not a burden on the estate; rather, the Debtors have created a burden on the estate through their repeated refusal to provide information, institution of costly motion practice, and relitigation of issues already decided. Debtors' tactics in contravention of their duties under the Bankruptcy Code cannot be used as their basis for abandonment.

14. In December 2015, the Court recognized that the Debtors are litigious to a degree that impedes the orderly administration of this bankruptcy action. *See* ¶¶ 4-5 *supra*. The Court believed that a Chapter 7 Trustee was needed to "impose order evaluating the unliquidated claims and pursuing appropriate dispositions." *See id.* The need for the Trustee was created by Debtors' inability to "mak[e] decisions that would bring these matters to an orderly conclusion" and their desire to pursue claims for leverage on their creditors rather than a good faith belief that the claims have merit. *See id.* The Debtors' post-conversion conduct proves that the

---

[2] Citi maintains that the claims against it are without merit. With that said, Citi agrees with the Court that such claims should be evaluated by an independent party, such as a Chapter 7 Trustee. If the claims are simply abandoned, it will mean that Citi will be forced to potentially litigate such claims with the Debtors in other forums leading to further complexity and protracted litigation.

circumstances warranting conversion have not changed in the past six months. Returning the unliquidated claims to the Debtors would return this case to the state of chaos that this Court was attempting to avoid by converting the case. The Motion should be denied.

WHEREFORE, Citi respectfully requests that this Court enter an Order denying the Motion and granting such other and further relief as the Court deems just and proper.

Dated: June 24, 2016.

                                              Respectfully submitted,

                                              SPENCER FANE LLP

                                              s/ Eric L. Johnson

| | |
|---|---|
| Eric L. Johnson | KS# 20542 |
| Kersten L. Holzhueter | KS# 24885 |

1000 Walnut St., Suite 1400
Kansas City, MO 64106
Telephone: 816-474-8100
Facsimile: 816-474-3216
ejohnson@spencerfane.com
kholzhueter@spencerfane.com

Attorneys for CitiMortgage, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2016, a true and correct copy of the foregoing was electronically filed with the court using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system and via U.S. Mail to the following:

| | |
|---|---|
| Camron L. Hoorfar | Patricia E. Hamilton |
| Law Office of Camron Hoorfar, PC | Stevens & Brand, LLP-Topeka |
| 202 SW Market St. | 917 SW Topeka Blvd. |
| Lee's Summit, MO 64063 | Topeka, KS 66612 |

                                              s/ Eric L. Johnson
                                              Attorney for CitiMortgage, Inc.