IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

IN RE:
NEIGHBORS, MARK STEPHEN
NEIGHBORS, SHELLY KAY,          Case No:    11-21003 DLS

    Debtors.

### TRUSTEE'S SUPPLEMENTAL OBJECTION TO DEBTORS' MOTION TO DISMISS CHAPTER 7 BANKRUPTCY

COMES NOW Patricia E. Hamilton, Chapter 7 Trustee, and for her Supplemental Objection to Debtors' Motion to Dismiss Chapter 7 Bankruptcy, states:

1.     The Debtors, Mark and Shelly Neighbors, filed a voluntary Chapter 11 bankruptcy petition on April 12, 2011 (the "**Filing Date**").

2.     The case was converted to Chapter 7 on December 21, 2015 (**"Conversion Date"**).

3.     The Section 341 meeting has not been concluded.

4.     On May 26, 2016, the Neighbors filed their Motion to Dismiss.

5.     On June 20, 2016, the Trustee filed her Objection to the Neighbors' Motion to Dismiss. The Trustee's Objection is incorporated herein.

6.     The Trustee files this Supplemental Objection to address additional facts recently discovered by the Trustee as a result of documents produced by the Neighbors in response to the Court's Order to Compel, as set forth below.

7.     Additionally, on July 1, 2016, the Trustee filed her Second Motion to Compel the Neighbors to provided information and documentation in regard to their assets and liabilities. The deadline for objection to the Trustee's Second Motion to Compel is July 22, 2016. Upon information and belief, the additional documents requested in the Second Motion to Compel are relevant and material to the Neighbors' request to dismiss their Chapter 7 bankruptcy. The

Neighbors' appeal of the Court's Order converting the case to Chapter 7 has now been dismissed for after the Neighbors' failed to respond to the District Court's Show Cause Order and failed to file their initial brief in the appeal. As a result, the Neighbors' Renewed Motion for a Stay Pending Appeal that had been filed in the District Court, and objected to by both the Trustee and CitiMortgage, is moot.

### Additional Facts

8. On June 22, 2016, the Trustee received a CD containing documents as described in the Neighbors' Notice of Compliance. Included in the documents produced by the Neighbors is a copy of Mark Neighbors' contract with Platinum Realty, as well as the first page of Shelly Neighbors' contract with Platinum Realty (collectively, the "**Platinum Contracts**"). Copies of the Platinum Contracts are attached hereto, incorporated herein, and identified as **Exhibit 1**.

9. On June 22, 2016, the Neighbors also produced, among other things, copies of the Neighbors Realty bank statements and profit and loss statements for 2014 and 2015, along with the Neighbors Investment bank statements and profit and loss statements for 2014 and 2015.

10. On February 26, 2014, Platinum Realty issued a check to Mark Neighbors in the amount of $8,020. Upon information and belief, this payment was pursuant to his Platinum Contract. These funds were deposited into the Neighbors Realty bank account at Bank of Blue Valley. The February 2014 Monthly Operating Report (Docket No. 298) signed by Mark Neighbors does not reflect this income.

11. On March 12, 2014, Platinum Realty issued a check to Mark Neighbors in the amount of $5,932. Upon information and belief, this payment was pursuant to his Platinum Contract. These funds were deposited into the Neighbors Realty bank account at Bank of Blue Valley The March

2014 Monthly Operating Report (Docket No. 294) signed by Mark Neighbors does not reflect this income.

12. On May 7, 2014, a $10,000 check made payable to Mark Neighbors from EJN Holdings, Inc., was deposited by the Neighbors into Neighbors Investment account at UMB. Upon information and belief, these funds were loan proceeds from Mark Neighbors' father and the funds were used to fix a boat engine. Upon information and belief, no motion to obtain a loan was requested or approved by the Court and Neighbors Investment does not hold an interest in a boat.

13. On August 25, 2014, Platinum Realty issued a check to Mark Neighbors in the amount of $24,891.24. Upon information and belief, this payment was pursuant to his Platinum Contract. These funds were deposited into the Neighbors Realty bank account at Bank of Blue Valley. The August 2014 Monthly Operating Report (Docket No. 325) signed by Mark Neighbors does not reflect this income.

14. On August 31, 2014, the Neighbors issued a check made payable to the Law Office of Camron Hoofar $4,000 from the Neighbors Realty account for legal services. That check cleared the account on September 4, 2014.

15. On April 17, 2015, James D. Neighbors Investment Account issued a check to Mark Neighbors in the amount of $5,000 which was deposited into the Neighbors Realty bank account at Bank of Blue Valley. Upon information and belief, these funds represent development fees owed to Mark Neighbors in connection with a sale of a lot owned by Canyon Development, Inc. The April 2015 Monthly Operating Report (Docket No. 375) signed by Mark Neighbors does not reflect this income.

16. On August 28, 2015, Neighbors Realty was issued a commission check in the amount of $13,520 from McCaffree-Short Title Company in connection with the sale of the property located

at 16963 Gentle Slopes Drive, Gravois Mills, Missouri (the "**E-3 Property**"). These funds were deposited into the Neighbors Realty bank account at Bank of Blue Valley. The August 2015 Monthly Operating Report (Docket No. 431) signed by Mark Neighbors does not reflect this income.

17. On October 20, 2015, First American Title issued a check to Mark Neighbors in the amount of $11,340 which was deposited into the Neighbors Realty bank account at Bank of Blue Valley. Upon information and belief, these funds represent development fees owed to Mark Neighbors in regard to a sale of a lot owned by Canyon Development, Inc. The October 2015 Monthly Operating Report (Docket No. 473) signed by Mark Neighbors does not reflect this income.

18. On October 22, 2015, Platinum Realty issued a check to Shelly Neighbors in the amount of $8,722.40. Upon information and belief, this payment was pursuant to her Platinum Contract. These funds were deposited into the Neighbors Realty bank account at Bank of Blue Valley. The October 2015 Monthly Operating Report (Docket No. 473) signed by Mark Neighbors does not reflect this income.

19. Copies of the checks received by Mark and Shelly Neighbors and referenced in Paragraphs 10 – 13 and 15 - 18 are attached hereto and identified as **Exhibit 2**. Copies of the portion of each Monthly Operating Report referenced in Paragraphs 10, 11, 13, 15 – 18, which disclose the income reported for that respective month are attached hereto and identified as **Exhibit 3**.

20. In 2014, the Neighbors deposited funds from their personal account and from Neighbors Realty account into the Neighbors Investment, Inc. bank account. From the Neighbors Investment, Inc. account, the Neighbors made the following payments to the Law Office of Camron Hoofar:

- $400 on October 1, 2014;
- $930 on October 31, 2014;

- $4,000 on November 17, 2014;
- $2,000 on December 10, 2014;
- $2,760 on December 31, 2014, and
- $1,760 on December 31, 2014.

21. The Application to authorize the employment of Mr. Hoofar and the Law Office of Camron Hoorfar as counsel for the Neighbors was filed on May 12, 2015 (Docket No. 367). The Application to authorize the employment of Mr. Hoofar and the Law Office of Camron Hoorfar as counsel for Neighbors Investment, Inc., was filed on May 12, 2015 (Docket No. 266). The Applications and accompanying affidavits do not reference the payments set out above. Additionally, the invoices subsequently submitted in support of the approval of the fees and expenses in the Chapter 11 cases also do not reference these payments, though the Motion for Approval of Fees and Expenses filed in this case on January 4, 2016, references an "advanced fee deposit" in the amount of $2,000 in counsel's trust account.

22. The Neighbors Realty bank statements demonstrate that the Neighbors received income during 2014 and 2015 which was not reported on the Neighbors' Monthly Operating Reports or in their Amended Statement of Financial Affairs filed on February 17, 2016. The undisclosed income was used in a variety of ways, some of which may constitutes transfers that are recoverable under 11 U.S.C. § 549.

23. The Neighbors Realty bank statements for 2014 and 2015 also demonstrate that the Neighbors were making multiple loans to other entities, namely Neighbors Investment, Inc., without the Court's authority (either in regard to the Neighbors personally or in regard to Neighbors' Investment). The loans made by the Neighbors may be recoverable by the Trustee for the benefit of creditors.

24. Upon information and belief, and based on the Neighbors' testimony at the continued § 341 meeting on June 16, 2016, Neighbors Investment has no source of income and must rely on loans from the Neighbors (or their entities) to make the payments required under the confirmed plan. However, personal funds of the Neighbors have been used to pay corporate obligations which may also give rise to recoverable transfers to the extent the Neighbors have no personal liability for the corporate debts paid with their personal funds.

25. These potential claims and causes of action are assets of the Chapter 7 estate and further support denial of the Neighbors' Motion to Dismiss.

WHEREFORE, the Trustee requests the Court deny the Debtors' Motion to Dismiss Chapter 7 Bankruptcy.

Respectfully submitted,
 s/ Patricia E. Hamilton
Patricia E. Hamilton KS #13263
917 SW Topeka Blvd.
Topeka, KS  66612
785-408-8000 phone
785-408-8003 fax
phamilton@stevensbrand.com
Chapter 7 Trustee
Counsel for the Chapter 7 Trustee

CERTIFICATE OF SERVICE

  The undersigned does hereby certify that a true and correct copy of the Trustee's Supplemental Objection to Debtors' Motion to Dismiss was filed electronically on July 6, 2016, with the United States Bankruptcy Court for the District of Kansas using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.

  Further, I certify that a copy of the Trustee's Supplemental Objection to Debtors' Motion to Dismiss was served by U.S. Mail, first class postage prepaid and properly addressed to the following party/parties.

  NEIGHBORS, MARK STEPHEN
  14761 BOND STREET
  OVERLAND PARK, KS 66221

  NEIGHBORS, SHELLY KAY
  14761 BOND STREET
  OVERLAND PARK KS 66221

                s/ Patricia E. Hamilton
                Patricia E. Hamilton #13263