IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In Re: ) | |
| ) | |
| Mark Stephen Neighbors, and ) | Case No. 11-21003 |
| Shelly Kay Neighbors, ) | |
| ) | Chapter 7 |
| Debtors. ) | |

**DEBTORS' REPLY IN OPPOSITION TO TRUSTEE'S OBJECTION TO DEBTORS' MOTION TO COMPEL TRUSTEE TO ABANDON INTEREST IN ADVERSARY PROCEEDING AGAINST CITIMORTGAGE, INC., AND CLAIMS AGAINST ERLENE KRIGEL, MIKE TOWNSEND, AND CITIMORTGAGE, INC.**

COME NOW Debtors, Mark S. Neighbors and Shelly K. Neighbors, and for their Reply in Opposition to Trustee's Objection to Debtors' Motion to Compel Trustee to Abandon Interest in Adversary Proceeding Against CitiMortgage, Inc., and Claims Against Erlene Krigel, Mike Townsend, and CitiMortgage, Inc., state:

1.  Debtors filed their voluntary petition for relief under Chapter 11 on April 12, 2011.

2.  Debtors' Chapter 11 bankruptcy case was converted to Chapter 7 on December 23, 2015 (Doc. 460).

3.  Debtors filed their Motion to Compel Trustee to Abandon Interest in Adversary Proceeding Against CitiMortgage, Inc., and Claims Against Erlene Krigel, Mike Townsend, and CitiMortgage, Inc. on June 10, 2016 (Doc. 592).

4.  The Chapter 7 Trustee filed "Trustee's Objection to Debtors' Motion to Compel Trustee to Abandon Interest in Adversary Proceeding Against CitiMortgage, Inc., and Claims Against Erlene Krigel, Mike Townsend, and CitiMortgage" on June 20, 2016 (Doc. 603).

5.  11 U.S.C. § 348 explains the effect of conversion:

1

(a) Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but, except as provided in subsections (b) and (c) of this section, does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief.

6. Pursuant to 11 U.S.C. § 348, this Court's order on December 23, 2015 constitutes an order for relief under Chapter 7, but since subsections (b) and (c) of 11 U.S.C. § 348 are not relevant to the Debtors' case, Debtors' Chapter 7 bankruptcy is considered to have been filed on April 12, 2011.

7. 11 U.S.C. § 103 explains the applicability of the bankruptcy code chapters:

(a) Except as provided in section 1161 of this title, chapters 1, 3, and 5 of this title apply in a case under chapter 7, 11, 12, or 13 of this title, and this chapter, sections 307, 362(o), 555 through 557, and 559 through 562 apply in a case under chapter 15.

8. This Court, per *In re L&T Machining, Inc.*, held that "while an order converting this case to one under chapter 7 would be an order for relief in chapter 7, the date of that order for relief would be the date of the chapter 11's commencement . . . [and w]hat [debtor] owned on that date is what populated the estate under §541(a), along with its proceeds or products."[1]

9. Additionally, this Court stated, "§ 704 only authorizes the trustee to liquidate property of the estate and distribute it according to the distribution scheme of §726. The trustee is not authorized to liquidate any other property."[2]

10. This Court, per *In re Wilkinson*, held that "[i]f the debtor converts a case from chapter 11 to chapter 7, as occurred in these Debtors' prior case, property of the estate is determined as of the original petition date and not as of the date of conversion."[3]

---

[1] 2013 11-11045, at *11 (Bankr. Kan.).
[2] *Id.* at *12.
[3] 507 B.R. 742, 747 (Bankr. Kan. 2014).

2

11. Furthermore, this Court stated, "Debtors' entitlement to a homestead exemption is determined as of the original petition date for a chapter 11, and this result is not affected by conversion."[4]

12. Based upon the above cited statutes and caselaw, Debtors' estate is populated only with what Debtors owned on April 12, 2011, the date their Chapter 7 bankruptcy is deemed to have been filed.

13. The Trustee is not authorized to liquidate any property that was not owned by Debtors on April 12, 2011, the date their Chapter 7 bankruptcy is deemed to have been filed.

14. The Chapter 7 Trustee has not yet taken any action or requested any documents or information in the Debtors' Adversary Proceeding against CitiMortgage, Inc., including requesting original loan documents to verify if CitiMortgage, Inc. has enforceable loan documents and/or standing against the Debtors.

15. Attached as "Exhibit A" are all e-mails Debtors' counsel has received from the Chapter 7 Trustee from January 4, 2016 to June 21, 2016.

16. None of the Chapter 7 Trustee's e-mails mention the Debtors' Adversary Proceeding against CitiMortgage, Inc. or any potential malpractice claims the Debtors may have against Erlene Krigel or Mike Townsend.

17. Instead, many of the Chapter 7 Trustee's e-mails are attempts by the Chapter 7 Trustee to compel the Debtors to violate confidential settlement agreements with former creditors or to produce irrelevant documents regarding relationships or assets arising after the April 12, 2011 conversion date.

---

[4] *Id.*

3

18. Attached as "Exhibit B" is a transcript from Debtors' March 3, 2016 341 Meeting with the Chapter 7 Trustee evidencing the Chapter 7 Trustee's lack of interest in the Debtors' Adversary Proceeding against CitiMortgage, Inc., any other potential claims against CitiMortgage, Inc., or any potential malpractice claims the Debtors may have against Erlene Krigel or Mike Townsend.

19. Attached as "Exhibit C" is a transcript from Debtors' May 5, 2016 341 Meeting with the Chapter 7 Trustee evidencing the Chapter 7 Trustee's lack of interest in the Debtors' Adversary Proceeding against CitiMortgage, Inc., any other potential claims against CitiMortgage, Inc., or any potential malpractice claims the Debtors may have against Erlene Krigel or Mike Townsend.

20. The Chapter 7 Trustee does not make any detailed inquiries regarding the Debtors' Adversary Proceeding against CitiMortgage, Inc. or any potential malpractice claims the Debtors may have against Erlene Krigel or Mike Townsend in either of these 341 Meeting transcripts that are available to the Debtors.

21. The Chapter 7 Trustee is wasting this Court's valuable time and resources as well as the Debtors' time and resources investigating events and relationships involving assets that are irrelevant to the Debtors' ongoing bankruptcy and outside of the Chapter 7 Trustee's authority to interact with under the Bankruptcy Code.

22. Furthermore, the Chapter 7 Trustee is potentially harming the Debtors' ability to pursue valid claims within or without their bankruptcy proceedings by allowing the statute of limitations regarding several alleged claims to run.

23. Rather than taking action in Debtors' ongoing Adversary Claim against CitiMortgage, Inc., attempting to investigate any of Debtors' other Claims against CitiMortgage,

4

Inc., or attempting to investigate any of Debtors' alleged malpractice claims against Erlene Krigel or Mike Townsend, the Chapter 7 Trustee is, outside of her authority, investigating irrelevant aspects of the Debtors' bankruptcy proceeding and attempting to populate the Debtors' estate with assets that she would not be authorized to liquidate because they were not part of the Debtors estate on April 12, 2011, the date their Chapter 7 bankruptcy is deemed to have been filed.

24. Additionally, the Chapter 7 Trustee's attempt to populate the Debtors' estate with additional, invalid assets is futile because the Debtors' Chapter 7 bankruptcy is now a two-party dispute between Debtors and a single alleged creditor, CitiMortgage, Inc.

25. Debtors have repeatedly demonstrated that there are no remaining unsecured creditors, and that Debtors' bankruptcy case should be dismissed because their proceeding is now a two-party dispute between Debtors and CitiMortgage, Inc. that is inappropriate for bankruptcy court and is best addressed by state court remedies.

26. Even if, arguendo, CitiMortgage, Inc. can sustain any or all of their three (3) alleged claims, Debtors firmly argue that CitiMortgage, Inc. is an oversecured creditor.

27. Therefore, CitiMortgage, Inc.'s claims are either oversecured or invalid, and the Chapter 7 Trustee's investigation of irrelevant events is not only unnecessary because there is no need for a liquidation of assets, but it is also a waste of this Court's valuable time and resources as well as the Debtors' time and resources.

WHEREFORE, Debtors respectfully request an Order from the Court compelling Trustee to abandon any interest in *Mark Stephen Neighbors and Shelly Kay Neighbors v. CitiMortgage, Inc.*, Adversary Number 15-06106, any other potential Claims against CitiMortgage, Inc., any of Debtors' malpractice claims against Erlene Krigel and/or Mike Townsend, dismissing the

5

above-captioned Chapter 7 bankruptcy, and such other and further relief as this Court deems just and proper.

        Respectfully submitted,

        LAW OFFICE OF CAMRON HOORFAR, P.C.

        By: /s/ Camron Hoorfar, J.D.  LL.M.
        Camron Hoorfar, J.D.   LL.M.
        MO 60942   KS 24008   OK 31924
        202 SW Market Street
        Lee's Summit, MO  64063
        Phone:  816-524-4949
        Fax:  816-524-4963
        Choorfar@Hoorfarlaw.com
        ATTORNEYS FOR DEBTORS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the Debtors' Motion to Dismiss was served, in addition to the parties notified by the US Bankruptcy Court's electronic notification, upon the affected creditor and other parties in interest this 7th day of July, 2016 by United States Mail, first class, postage prepaid, to:

    Patricia Hamilton
    917 S. Topeka Blvd.
    Topeka, KS 66612
    CHAPTER 7 TRUSTEE

        /s/ Camron Hoorfar, J.D. LL.M.
        Camron Hoorfar, J.D.  LL.M.