IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In Re: ) | |
| ) | |
| Mark Stephen Neighbors, and ) | Case No. 11-21003 |
| Shelly Kay Neighbors, ) | |
| ) | Chapter 7 |
| Debtors. ) | |

**DEBTORS' MOTION TO QUASH TRUSTEE'S SUBPOENA OF ERLENE W. KRIGEL**

COME NOW Debtors, Mark Neighbors and Shelly Neighbors, by and through their attorney of record, Camron Hoorfar of the Law Office of Camron Hoorfar, P.C., and for their Motion to Quash Trustee's Subpoena of Erlene W. Krigel, respectfully state as follows:

1. Debtors filed a voluntary Chapter 11 on April 12, 2011 (Doc 1).

2. On December 23, 2015, the case was ordered converted to a Chapter 7 (Doc 460).

3. 11 U.S.C. Section 348(a) "[c]onversion of a case from a case under one chapter of this title to a case under another chapter of this title . . . does not affect a change in the date of the filing of the petition . . . ."

4. Debtors' Chapter 7 case is considered filed on April 12, 2011.

5. Debtors' Chapter 7 Trustee filed a Notice of Intent to Issue Subpoena Erlene W. Krigel of Krigel & Krigel, P.C. (Doc 630) and a Subpoena in a Case under the Bankruptcy Code (Doc 630-1) on July 18, 2016.

6. The Federal Rules of Civil Procedure, Rule 45, applies to bankruptcy courts under Fed. R. Bankr. Pro. 9016.

7. FRCP Rule 45(3)(A) requires the Court to "quash or modify a subpoena that (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the

1

geographical limits specified in Rule 45(c); requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden."

8. Trustee's subpoena fails to allow Erlene W. Krigel a reasonable amount of time to comply with Trustee's burdensome request under FRCP Rule 45(c)(3)(A)(i).

9. Trustee's subpoena requires Erlene W. Krigel to disclose privileged or other protected matter as the Debtors' attorney under attorney-client privilege and the work product doctrine.

10. Debtors have not waived their attorney-client privilege under Kansas Rule of Professional Conduct Rule 226.

11. Trustee's subpoena subjects Erlene W. Krigel, neither a party nor a party's officer, to an undue burden under FRCP Rule 45(c)(3)(A)(iv) because Trustee's Subpoena is overbroad and unduly burdensome in its scope.

12. FRCP Rule 45(3)(B)(i) allows the Court to quash or modify a subpoena that requires the disclosure of a trade secret or other confidential research, development, or commercial information.

13. Trustee's subpoena requires Erlene W. Krigel to disclose confidential commercial information under FRCP Rule 45(c)(3)(B)(i).

14. Debtors reserve the right to make additional objections, add additional arguments, present additional legal support, and/or seek additional protection concerning the proposed subpoena and deposition.

WHEREFORE, Debtors respectfully request an Order from the Court quashing Trustee's subpoena of Erlene W. Krigel in the above-captioned Chapter 7 bankruptcy, and for such other and further relief as this Court deems just and proper.

2

Respectfully submitted,

LAW OFFICE OF CAMRON HOORFAR, P.C.

By: /s/ Camron Hoorfar, J.D. LL.M.
Camron Hoorfar, J.D.   LL.M.
MO 60942   KS 24008   OK 31924
202 SW Market Street
Lee's Summit, MO  64063
Phone:  816-524-4949
Fax:  816-524-4963
Choorfar@Hoorfarlaw.com
ATTORNEYS FOR DEBTORS

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the Motion to Quash Trustee's Subpoena of John M. Reynolds was served, in addition to the parties notified by the US Bankruptcy Court's electronic notification, upon the affected creditor and other parties in interest this 28th day of July, 2016 by United States Mail, first class, postage prepaid, to:

Patricia Hamilton
917 S. Topeka Blvd.
Topeka, KS 66612
CHAPTER 7 TRUSTEE

Erlene Krigel
4520 Main Street
Suite 700
Kansas City, MO  64111

/s/ Camron Hoorfar, J.D. LL.M.
Camron Hoorfar, J.D.  LL.M.

3