**SO ORDERED.**

**SIGNED this 22nd day of September, 2016.**



*Dale L. Somers*
Dale L. Somers
United States Bankruptcy Judge

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **MARK STEPHEN NEIGHBORS** and | ) | Case No. 11-21003 |
| **SHELLY KAY NEIGHBORS,** | ) | |
| | ) | Chapter 7 |
| Debtors. | ) | |
| | ) | |

### JOINT PRETRIAL ORDER FOR SEPTEMBER 27, 2016 BIFURCATED HEARING

This Order will govern pretrial procedures with respect to the Bifurcated Evidentiary Hearing scheduled for September 27, 2016 (the "Hearing") on certain limited issues related to the Debtors' Motion to Dismiss [Doc. 574], unless amended by further order of the Court:

**I. APPEARANCES**

Counsel present and participating were Camron Hoorfar of the Law Office of Camron Hoorfar, P.C., counsel for the Debtors Mark and Shelly Neighbors (the "Debtors"), Eric Johnson and Kersten Holzhueter of Spencer Fane LLP, counsel for CitiMortgage, Inc. ("Citi"), and Patricia Hamilton, the duly appointed Chapter 7 Trustee for the Debtors' bankruptcy estate ("Trustee," together with the Debtors and Citi, the "Parties").

WA 8688561.2

## II. ISSUES[1]

### A. Bifurcated Hearing

At the request of the Debtors, the purpose of the Hearing is to take up the initial issue related to what Claims (other than Citi's Claims) currently exist with respect to the bankruptcy case and the legal impact of the same. All other contested matters of fact and law related to the Motion to Dismiss are hereby preserved for later hearing.

### B. Issues to be Tried

The Parties stipulate to the following issues to be taken up by the Court at the Hearing:

1. **Issue of Fact**. Whether, in addition to the Claims asserted by Citi and the Trustee, other Claims currently exist in the bankruptcy case.

2. **Issue of Law**. Whether the Court is required to dismiss a converted bankruptcy case under 11 U.S.C. § 707(a) or abstain under 11 U.S.C. § 305(a) to the extent it is determined that there is only one pre-petition Claim holder and post-conversion administrative expense Claims.

## III. STIPULATIONS

The Parties stipulate and agree that venue is properly laid in this District; that the United States Bankruptcy Court for the District of Kansas has jurisdiction of the Parties and the subject matter hereof and may try the contested matter to final judgment; that all proper, necessary and indispensable parties are parties hereto; and to the facts set forth on **Exhibit A** attached hereto.

## IV. WITNESSES

### A. Debtors plan to call the following witnesses at the September 27, 2016 hearing:

1. Mark Neighbors

2. Shelly Neighbors

3. Donald Gossman, Gossman and Associates, Inc., P.O. Box 25562, Overland Park, KS 66225[2]

---

[1] Unless otherwise defined herein, capitalized terms shall have the same meaning as set forth in 11 U.S.C. § 101.

4. Rick Stanley, 8645 College Blvd., Suite 210, Overland Park, KS 66210[2]

5. Any witnesses listed by any other party

6. Any witness necessary for rebuttal, foundation or impeachment

**B. The Trustee may call the following witnesses at the September 27, 2016 hearing:**

1. Mark Neighbors

2. Shelly Neighbors

3. Any witnesses listed by any other party

4. Any witnesses necessary for rebuttal, foundation or impeachment

**C. Citi may call the following witnesses at the September 27, 2016 hearing:**

1. Mark Neighbors

2. Shelly Neighbors

3. Any witnesses listed by any other party

4. Any witnesses necessary for rebuttal, foundation or impeachment

**V. EXHIBITS**

    **A. Stipulated Exhibits**

The Parties stipulate to the admission of the exhibits listed on the Stipulated Exhibit List attached hereto as **Exhibit B**, which shall be designated beginning "S1".

    **B. Other Exhibits**

The Parties shall submit their individual exhibits lists and exchange exhibits by no later than September 22, 2016. Given multiple parties and for ease of reference, the Debtors shall designate their additional exhibits beginning with "D1", the Trustee shall designate her

---

[2] Citi and the Trustee reserve all rights to object to the Debtors calling Mr. Gossman and Mr. Stanely as witnesses including, without limitation, because any testimony provided by such witnesses will be outside the scope of the Hearing.

additional exhibits beginning "T1", and Citi shall designate its additional exhibits beginning "C1".

### C. Compliance with Local Bankruptcy Rule 9072.1

Except as modified herein, counsel are to comply with Local Bankruptcy Rule 9072.1 and to furnish the Court and other parties with copies of all exhibits three (3) business days in advance of the Hearing (September 22, 2016), together with an exhibit list. Except for the Stipulated Exhibits, all objections to such exhibits are hereby preserved for trial.

## VI. BRIEFS

In light of the pleadings filed to date and the limited scope of the hearing, pre-trial briefs will not be permitted. However, each party desiring to submit a post-trial brief shall comply with the requirements of D. Kan. Rule 7.6 as it is made applicable to bankruptcy by L.B.R. 1001.1. Post-Trial briefs shall be served and filed no later than 14 days after the Hearing. Each party filing a post-trial brief shall deliver an extra copy to the judge's chambers at the time of filing. Post-trial briefs are not mandatory.

IT IS SO ORDERED.

###

STIPULATED AND AGREED BY:

s/ Eric L. Johnson
Eric L. Johnson             KS# 20542
Kersten L. Holzhueter       KS# 24885
SPENCER FANE LLP
1000 Walnut St., Suite 1400
Kansas City, MO  64106
Telephone:  816-474-8100
Facsimile:  816-474-3216
ejohnson@spencerfane.com
kholzhueter@spencerfane.com
ATTORNEYS FOR CITIMORTGAGE, INC.


s/ Patricia E. Hamilton
Patricia E. Hamilton        KS #13263
917 SW Topeka Blvd.
Topeka, KS 66612
Telephone:  785-408-8000
Facsimile: 785-408-8003
phamilton@stevensbrand.com
CHAPTER 7 TRUSTEE
COUNSEL FOR THE CHAPTER 7 TRUSTEE


s/ Camron Hoorfar
Camron Hoorfar, J.D. LL.M.  KS #24008
202 SW Market Street
Lee's Summit, MO 64063
Telephone: 816-524-4949
Facsimile: 816-524-4963
Choorfar@Hoorfarlaw.com
ATTORNEYS FOR DEBTORS

# EXHIBIT A

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MARK STEPHEN NEIGHBORS and | ) | Case No. 11-21003 |
| SHELLY KAY NEIGHBORS, | ) | |
| | ) | Chapter 7 |
| Debtors. | ) | |

## STIPULATION OF FACTS

1. On November 2, 2010, Citi commenced a lawsuit against the Debtors, among others, in the District Court of Johnson County, Kansas in the case styled *CitiMortgage, Inc. v. Mark S. Neighbors, et al.*, Case No. 10CV09801 (the "Foreclosure Action"). In the Foreclosure Action, Citi sought to foreclose on the Debtors' principal residence. The Debtors asserted counterclaims against Citi. The Foreclosure Action is currently stayed due to the bankruptcy.

2. On April 12, 2011 ("Petition Date"), the Debtors filed a voluntary petition for Chapter 11 bankruptcy and their List of Creditors Holding 20 Largest Claims [Doc. 18][1]. At this time, counsel for the Debtors also filed her Rule 2016(b) statement indicating she had been paid $15,000 in fees.

3. On April 13, 2011, Neighbors Investments, Inc. filed a voluntary petition for Chapter 11 bankruptcy. At this time, counsel for the Debtors also filed her Rule 2016(b) statement indicating she had been paid $9,055 in fees.

4. On April 25, 2011, Debtors filed the Application to Employ Erlene W. Krigel and Krigel & Krigel, P.C. as counsel for the Debtors and Debtors-in-Possession [Doc. 18]. The Krigel Application was granted by the Court on May 18, 2011 [Doc. 30]. At this same time, an

---

[1] Pleadings filed in the Debtors' bankruptcy case will be designated with "Doc. ___". Pleadings filed in the Neighbors Investment bankruptcy case will be designated with "NI Doc. ___".

employment application seeking to employ Ms. Krigel and her firm was filed in the Neighbors Investments Bankruptcy Case, which was granted on May 18, 2011. [NI Doc. 13 and 21].

5. On May 13, 2011, the Debtors filed their Statement of Financial Affairs and Schedules (the "Original Schedules"). [Doc. 26]. In the Original Schedules, Debtors list several secured and unsecured creditors.

6. On May 18, 2011, an Order setting a proof of claim bar date was set in the Chapter 11 case. A total of 25 proofs of claim were filed in the Chapter 11 case.

7. On September 12, 2011, Debtors filed the Application of William Dirk Vandever of the Popham Law Firm, Michael L. Sexton of Sexton & Shelor, and Kirk Rahm of Rahm, Rahm & McVay, P.C. as Special Counsel for the Debtors [Doc. 64], which was granted by the Court on November 15, 2011. [Doc. 101].

8. On November 10, 2011, Central Bank of the Lake of the Ozarks withdrew Proof of Claim Nos. 20-23. [Doc. 97].

9. On November 18, 2011, the Internal Revenue Service amended its Proof of Claim No. 11-2 to $0.00.

10. On December 30, 2011, Debtors filed their Plan and Disclosure Statement. [Doc. 112 and 113]. On April 18, 2012, Citi objected to the Plan. [Doc. 148].

11. On March 3, 2012, Cornerstone Bank withdrew Proofs of Claim Nos. 2-4. [Doc. 131].

12. On June 12, 2012, the Debtors initiated an adversary proceeding, Adv. No. 12-06097, against Linda Beadle. The claims in that case were eventually mediated and a motion for approval of compromise was filed by Debtors' counsel on November 16, 2015. [Doc. 444]. Debtors objected to the Motion. [Doc. 452]. The Court overruled the objection and approved the

settlement on January 25, 2016. [Doc. 494]. The adversary proceeding was dismissed with prejudice on March 2, 2016. [Doc. 219].

13. On June 15, 2012, Debtors filed their First Amended Plan and Disclosure Statement. [Doc. 166 and 167]. On July 6, 2012, Citi objected to the Plan. [Doc. 174]. An Order approving the First Amended Disclosure Statement was never entered and the First Amended Plan was never confirmed.

14. On June 15, 2012, Neighbors Investments filed their First Amended Plan and Disclosure Statement. [NI Doc. 128 and 129]. The Neighbors Investments First Amended Disclosure statement was approved on April 29, 2013. [NI Doc. 187]. The Neighbors Investments First Amended Plan was confirmed on June 26, 2013 [NI Doc. 194]. The final decree was entered on April 25, 2016 [NI Doc. 334] and the Neighbors Investments case was closed on April 25, 2016.

15. On June 17, 2013, Debtors filed the Application to Employ Michael D. Townsend as Special Counsel for the Debtors [Doc. 245], which was granted on July 22, 2013 [Doc. 249]. Attorney Townsend withdrew from representing the Debtors on August 26, 2014. [Doc. 314].

16. On June 17, 2013, Debtors filed the Application to Employ Randal A. Wolverton and Jerry Wiley as Consultants [Doc. 277], which was granted on March 21, 2013 [Doc. 287].

17. On February 26, 2014, the Debtors initiated an adversary proceeding, Adv. No. 14-06065, against Nationstar Mortgage LLC ("Nationstar"). The adversary proceeding was dismissed on September 14, 2015 with prejudice on account of a settlement reached between the parties. The Debtors executed a written settlement agreement with Nationstar during their Chapter 11 case. A copy of the written settlement agreement with Nationstar executed by the Debtors during their Chapter 11 case has not been filed with the Bankruptcy Court. The Trustee

3

requested a copy of the written settlement agreement with Nationstar executed by the Debtors, but the Trustee has not been provided with a copy of the agreement.

18. On October 13, 2014, the Bank of Versailles withdrew Proof of Claim Nos. 16 and 17. [Doc. 328].

19. On October 14, 2014, Debtors and their wholly owned subsidiary also initiated an adversary proceeding, Adv. No. 14-0682 against the Bank of Versailles and BOV Holding Company. The adversary proceeding was dismissed with prejudice on March 20, 2015. [Adv. No. 14-06082, Doc. 17-19].

20. On October 14, 2014, Debtors initiated an adversary proceeding, Adv. No. 14-06083, against the Bank of Versailles and BOV Holding Company. The adversary proceeding was dismissed on January 21, 2015 for the Debtors' failure to pay the filing fee. [Adv. No. 14-06083, Doc. 10].

21. On October 14, 2014, Farmers Bank & Trust, N.A. withdrew Proof of Claim Nos. 6 and 24. [Doc. 329 and 330].

22. On March 20, 2015, Ms. Krigel sought to withdraw from representing the Debtors [Doc. 349], which was approved by the Court on March 31, 2015. [Doc. 357].

23. On March 25, 2015, Ms. Krigel filed her final application for approval of attorney's fees and expenses. [Doc. 351]. The final application indicates that Ms. Krigel had total fees and expenses of $67,128.51 and that their remained an outstanding balance of $16,069.16. The final fee application was granted on April 24, 2015. [Doc. 364].

24. On March 31, 2015, Ms. Krigel sought to withdraw from representing Neighbors Investments [Doc. 258], which was approved on April 13, 2015. [Doc. 262].

25. On May 12, 2015, Debtors filed the Application to Employ Camron Hoorfar as counsel for the Debtors [Doc. 368], which was granted on July 6, 2015. [Doc. 389].

26. On May 12, 2015, Neighbors Investments filed the Application to Employ Camron Hoorfar as counsel [N.I. Doc. 266], which was granted on July 6, 2015. [N.I. Doc. 276].

27. On June 3, 2015, Debtors filed the Application to Employ Kristina Marticzak as a consultant. [Doc. 378]. Citi filed an objection to the Application on June 24, 2016. [Doc. 385]. This matter is under advisement by the Court.

28. On June 4, 2015, Debtors filed the Application to Employ John Reynolds as special counsel. [Doc. 380]. Citi filed an objection to the Application on June 24, 2016. [385]. This matter is under advisement by the Court.

29. On August 4, 2015, Debtors filed their Motion to Dismiss Chapter 11 Bankruptcy Case [Doc. 402], which was later amended on August 10, 2015 (the "Chapter 11 Motion to Dismiss"). [Doc. 404]. Citi objected to the Chapter 11 Motion to Dismiss on August 18, 2015. [Doc. 407].

30. On August 18, 2015, Citi filed for relief from the automatic stay with respect to the Debtors' principal residence. [Doc. 408]. Debtors objected to the motion for relief from stay on August 28, 2015. [Doc. 414]. The motion is still pending.

31. On August 31, 2015, Citi filed its Motion to Convert. [Doc. 416]. Debtors objected to the Motion to Convert on September 5, 2015. [Doc. 422].

32. On October 15, 2015, the Debtors initiated an adversary proceeding, Adv. No. 15-06106, against Citi. Debtors subsequently filed a substantially similar lawsuit in St. Charles County, Missouri, which is currently stayed. The St. Charles County lawsuit was filed by John Reynolds.

33.     On October 25, 2015, Debtors sought to withdraw their Motion to Dismiss. [Doc. 438]. On October 27, 2015, the Debtors filed their Amended Response to the Motion to Convert. [Doc. 439].

34.     On October 29, 2015, an evidentiary hearing was held on both the Chapter 11 Motion to Dismiss and the Motion to Convert (the "Evidentiary Hearing").

35.     On December 21, 2015, the Court issued its Memorandum Opinion and Judgment Converting Case to Chapter 7 (the "Conversion Judgment"). [Docs. 459-460].

36.     On December 24, 2015, the Trustee was appointed Chapter 7 Trustee to the Debtors' bankruptcy estate.

37.     On December 30, 2015, the Debtors appealed the Conversion Judgment to the District Court. Debtors sought several stays pending the appeal regarding the Conversion Judgment, which were opposed by Citi and the Trustee. On June 28, 2016, the appeal was dismissed by the District Court for lack of prosecution by the Debtors.

38.     On January 4, 2016, the Debtors filed their Schedule of Unpaid Debts Incurred after filing of Original Petition to Date of Conversion listing several creditors. [Doc. 468].

39.     On January 4, 2016, the Debtors filed their first motion for approval of Camron Hoorfar's attorneys' fees in the amount of $12,523.09 and expenses in the amount of $1,476.47. [Doc. 469]. Such fees and expenses were approved on March 18, 2016. [Doc. 542].

40.     On January 11, 2016, Neighbors Investments filed its first motion for approval of Camron Hoorfar's attorneys' fees in the amount of $1,679.53 and expenses in the amount of $113.54 for the period of May 12, 2015 through January 4, 2016. [NI Doc. 305]. Such fees and expenses were approved on February 18, 2016. [NI Doc. 316].

41. On February 2, 2016, Debtors filed a withdrawal of Proof of Claim No. 18 for their prior law firm, Graves Garrett LLC. The document indicates that it was signed by Alan T. Simpson, an associate with Graves Garrett. [Doc. 510].

42. On February 2, 2016, Debtors filed a withdrawal of Proof of Claim No. 12 for their prior attorney Mark D. Murphy. The document indicates that it was signed by Mr. Murphy. [Doc. 511].

43. On February 5, 2016, Debtors filed a letter from the Morgan County Tax Collector that Proof of Claim No. 9 should be withdrawn. [Doc. 525]. The letter was dated December 24, 2014.

44. On February 5, 2016, Debtors filed a settlement release agreement with the Private Bank and Trust. [Doc. 509].

45. On February 17, 2016, the Debtors filed their conversion schedules listing only Morgan County Collector and Farmers Bank & Trust as creditors. [Doc. 519].

46. On March 8, 2016, Camron Hoorfar filed his Final Application for Compensation in the Neighbors Investments bankruptcy case seeking $1,560 in fees and $85.68 in expenses. [NI Doc. 322]. Such fees and expenses were approved on April 25, 2016. [NI Doc. 333].

47. On April 1, 2016, the Trustee filed her Application to employ Stevens & Brand LLP as counsel for the bankruptcy estate. [Doc. 546], which was granted on April 11, 2016. [Doc. 548].

48. On April 20, 2016, the proof of claim bar date in the Chapter 7 case was set as July 29, 2016.

49. On June 2, 2016, the United States Trustee sought to withdraw its proof of claim. [Doc. 579 and 580].

50. On June 15, 2016, Debtors objected to the proofs of claim of Toyota Motor Credit (Claim No. 1), Private Bank and Trust (Claim No. 8), Mark Murphy (Claim No. 12), and Graves Bartle Marcus and Garret (Claim No. 18). [Doc. 597, 598, 599, 600], which were sustained on July 21, 2016. [Doc. 634, 635, 636, and 637].

51. On June 15, 2016, Debtors' counsel filed his first disclosure of compensation statement in the case indicating payment of post-conversion fees and expenses through June 15, 2016 of $38,546.69. [Doc. 601].

52. On June 30, 2016, Debtors objected to the proofs of claim of Citi and First Federal Bank [Doc. 610, 611, 612, 613, 614, and 615].

53. On July 15, 2016, First Federal Bank FSB withdrew Proof of Claim Nos. 13-15. [Doc. 626, 627, 628].

54. On August 1, 2016, Citi responded to the Debtors' claim objections. Citi has subsequently amended Proof of Claim Nos. 10 and 25. Citi asserts secured and unsecured claims.[2]

55. On September 7, 2016, Farmers Bank & Trust, N.A. withdrew Proof of Claim No. 5. [Doc. 662].

56. No objection has been filed to Proof of Claim No. 19 and it has not been withdrawn.

57. For purposes of the hearing only, the Parties stipulate that the Trustee and her professionals have incurred post-conversion fees and expenses.

58. The Debtors have not filed a Statement of Intention since conversion of their bankruptcy case to Chapter 7.

---

[2]This Stipulation is without prejudice to Citi further amending its Proof of Claims and the Debtors' and Trustee's right to further object to such claims at a subsequent hearing. The validity, nature and extent of Citi's Claims are not being taken up at the Hearing.

# EXHIBIT B

**STIPULATED
EXHIBIT LIST**

DEBTOR(S): Mark and Shelly Neighbors

CASE NO: 11-21003

ADVERSARY CAPTION (if applicable): N/A

ADVERSARY CASE NO: N/A

TRIAL DATE: September 27, 2016 at 9:00 a.m.

| NO. | DESCRIPTION | ID | OFF | ADM | DISPOSITION |
|---|---|---|---|---|---|
| S1 | Debtors' Voluntary Petition (Doc. 1) | | | | |
| S2 | List of Creditors Holding 20 Largest Unsecured Claims (Doc. 6) | | | | |
| S3 | Debtors' Original Schedules and Statement of Financial Affairs (Doc. 26) | | | | |
| S4 | Schedule of Unpaid Debts Incurred after filing of Original Petition to Date of Conversion (Doc. 468) | | | | |
| S5 | Debtors' Conversion Schedules (Doc. 519) | | | | |
| S6 | Mark and Shelly Neighbors Claims Register | | | | |
| S7 | Toyota Letter (Doc. 508) | | | | |
| S8 | Toyota Claim Objection and Order (Doc. 597 and 634) | | | | |
| S9 | Cornerstone Claim Withdrawal (Doc. 131) | | | | |
| S10 | Farmers Bank & Trust Claim Withdrawals (Doc. 329, 330, 662) | | | | |
| S11 | Private Bank Settlement and Release Agreement (Doc. 509) | | | | |

| NO. | DESCRIPTION | ID | OFF | ADM | DISPOSITION |
|---|---|---|---|---|---|
| S12 | Private Bank Claim Objection and Order (Doc. 598 and 635) | | | | |
| S13 | Morgan County Letter (Doc. 525) | | | | |
| S14 | CitiMortgage Proof of Claim No. 10-2 | | | | |
| S15 | Internal Revenue Service Amended Claim No. 11-2 | | | | |
| S16 | Mark Murphy Claim Withdrawal (Doc. 511) | | | | |
| S17 | Murphy Claim Objection and Order (Doc. 599 and 636) | | | | |
| S18 | First Federal Claim Withdrawals (Doc. 626-628) | | | | |
| S19 | Bank of Versailles Claims Withdrawal (Doc. 328) | | | | |
| S20 | Graves Garret Claim Withdrawal (Doc. 510) | | | | |
| S21 | Graves Garrett Claim Objection and Order (Doc. 600 and 637) | | | | |
| S22 | Nationstar Mortgage LLC Proof of Claim No. 19 and Transfer Agreement (Doc. 220) | | | | |
| S23 | Central Bank Claim Withdrawal (Doc. 97) | | | | |
| S24 | CitiMortgage Proof of Claim No. 25-3 | | | | |
| S25 | UST Claim Withdrawal (Doc. 580) | | | | |
| S26 | Mark and Shelly Neighbors First Amended Disclosure Statement (Doc. 166) | | | | |

| NO. | DESCRIPTION | ID | OFF | ADM | DISPOSITION |
|---|---|---|---|---|---|
| S27 | Mark and Shelly Neighbors First Amended Plan of Reorganization (Doc. 167) | | | | |
| S28 | Krigel Employment Application and Order (Doc. 18 and 30) | | | | |
| S29 | Krigel Withdrawal Motion and Order (Doc. 349 and 357) | | | | |
| S30 | Krigel Final Fee Application and Order (Doc. 351 and 364) | | | | |
| S31 | Vandever, *et. al* Employment Application and Order (Doc. 64 and 101) | | | | |
| S32 | Townsend Employment Application and Order (Doc. 245 and 249) | | | | |
| S33 | Townsend Withdrawal (Doc. 313-314) | | | | |
| S34 | Wolverton, *et. al* Employment Application and Order (Doc. 277 and 287) | | | | |
| S35 | Hoorfar Employment Application and Order (Doc. 368 and 389) | | | | |
| S36 | Hoorfar Fee Application and Order (Doc. 469, 538, and 542) | | | | |
| S37 | Hoofar 2016 Statement (Doc. 601) | | | | |
| S38 | Marticzak Employment Application (Doc. 385) | | | | |
| S39 | Reynolds Employment Application (Doc. 380) | | | | |
| S40 | Mark and Shelly Neighbors First Amended Disclosure Statement (Doc. 166) | | | | |

| NO. | DESCRIPTION | ID | OFF | ADM | DISPOSITION |
|---|---|---|---|---|---|
| S41 | Mark and Shelly Neighbors First Amended Plan of Reorganization (Doc. 167) | | | | |
| S42 | Neighbors, et al. v. Beadle, Adv. No. 12-6097 Complaint (Doc. 1) | | | | |
| S43 | Beadle Motion to Approve Settlement, Debtors' Objection, and Order (Neighbors Bankruptcy Doc. 444, 452, 494) | | | | |
| S44 | Neighbors, et al. v. NationStar Mortgage, LLC, Adv. No. 14-0625, Complaint (Doc. 1) | | | | |
| S45 | Neighbors, et al. v. NationStar Mortgage, LLC, Adv. No. 14-0625, Answer and Counterclaim (Doc. 8) | | | | |
| S46 | Neighbors, et al. v. NationStar Mortgage, LLC, Adv. No. 14-0625, Motion to Enforce Settlement (Doc. 35) | | | | |
| S47 | Neighbors, et al. v. NationStar Mortgage, LLC, Adv. No. 14-0625, Supplemental Motion to Enforce Settlement (Doc. 59) | | | | |
| S48 | Neighbors, et al. v. NationStar Mortgage, LLC, Adv. No. 14-0625, Order granting in part Motion to Enforce (Doc. 69) | | | | |
| S49 | Neighbors, et al. v. NationStar Mortgage, LLC, Adv. No. 14-0625, Dismissal with Prejudice (Doc. 71) | | | | |
| S50 | Neighbors Investments Voluntary Petition (NI Doc. 1) | | | | |
| S51 | Neighbors Investments Krigel Employment Application and Order (NI Doc. 13 and 21) | | | | |

| NO. | DESCRIPTION | ID | OFF | ADM | DISPOSITION |
|---|---|---|---|---|---|
| S52 | Neighbors Investments Krigel Withdrawal Motion and Order (NI Doc. 258 and 262) | | | | |
| S53 | Neighbors Investments Hoorfar Employment Application and Order (NI Doc. 266 and 276) | | | | |
| S54 | Neighbors Investments Hoorfar First Fee Application and Order (NI Doc. 305 and 316) | | | | |
| S55 | Neighbors Investments Hoorfar Final Fee Application and Order (NI Doc. 322, 326, and 333) | | | | |
| S56 | Neighbors Investments, Inc. Statement of Financial Affairs and Schedules (NI Doc. 20) | | | | |
| S57 | Neighbors Investments, Inc. First Amended Disclosure Statement (NI Doc. 128) | | | | |
| S58 | Neighbors Investments, Inc. First Amended Plan (Case No. 11-21022, Doc. 129) | | | | |
| S59 | Neighbors Investments, Inc. Order Approving First Amended Disclosure Stmt. (NI Doc. 187) | | | | |
| S60 | Neighbors Investments, Inc. Confirmation Order (NI Doc. 194) | | | | |
| S61 | Neighbors Investments, Inc. Final Decree (NI Doc. 334) | | | | |
| S62 | Neighbors Investments, Inc. Claims Register | | | | |
| S63 | Trustee's Objection to the Motion to Dismiss is listed on the Exhibit list. (Filed 06/20/16, Doc. 604) | | | | |
| S64 | Trustee's Supplemental Objection to Motion to Dismiss is listed on the Exhibit list (Filed 07/06/16, Doc. 619) | | | | |

| NO. | DESCRIPTION | ID | OFF | ADM | DISPOSITION |
|---|---|---|---|---|---|
| S65 | Trustee's Second Supplemental Objection to Motion to Dismiss (Filed 08/12/16, Doc. 655) | | | | |
| S66 | Original Proof of Claim Deadline (Doc. 29) | | | | |
| S67 | Second Proof of Claim Deadline (Doc. 553) | | | | |
| S68 | October 29, 2015 Hearing Transcript | | | | |
| S69 | Transcript of March 3, 2016 Meeting of Creditors | | | | |
| S70 | Transcript of May 5, 2016 Meeting of Creditors | | | | |
| S71 | Transcript of July 26, 2016 Meeting of Creditors | | | | |
| S72 | Neighbors Investments Post-Confirmation Operating Statements (July 2013-Feb 2016) | | | | |
| S73 | Mark and Shelly Neighbors Operating Reports | | | | |