IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

IN RE:
 NEIGHBORS, MARK STEPHEN
 NEIGHBORS, SHELLY KAY,                Case No:   11-21003 DLS

    Debtors.

## CHAPTER 7 TRUSTEE'S POST-SEPTEMBER 27 HEARING BRIEF

COMES NOW Patricia E. Hamilton, Chapter 7 Trustee, and submits her post-trial brief with respect to the hearing held on September 27, 2016 (the "**Hearing**").

### INTRODUCTION

This converted Chapter 7 case reflects a tortured procedural and factual history as evidenced by the Court's own prior rulings. Since 2011, Mark and Shelly Neighbors (collectively, the "**Neighbors**") have enjoyed the protection and benefits of the Bankruptcy Code and Bankruptcy Rules. Since the entry of this Court's Order converting the case to Chapter 7, the Neighbors have waged an unwavering battle to avoid the effects of the conversion on their stated desire to manage their multiple alleged claims against third parties and maintain control of their remaining assets. It is against this backdrop that the Hearing occurred as to two narrow questions related to the Neighbors' Motion to Dismiss: (1) must the Court dismiss if there is only one creditor remaining, and (2) are there any remaining Claims (as that term is defined by the Bankruptcy Code) other than Citi's claims and administrative expenses.

### ARGUMENTS & AUTHORITIES

At the Hearing, it did not appear that the Neighbors challenge the legal conclusion that the Court is not required to dismiss the case upon the Neighbors' Motion even if there is only one creditor (and administrative claims). As to the second question, the evidence at the Hearing

demonstrated that there are other Claims. Moreover, the evidence established that the Neighbors utilizing bankruptcy estate property to pay those parties the Neighbors, solely in their personal and private discretion, saw fit to pay. Since those payments were without Court authority and recoverable under 11 U.S.C. § 549, those individuals and entities receiving the funds hold Claims (albeit contingent based on whether any § 549 claims are asserted and recovered). Additionally, Nationstar's claim remains pending. Mark Neighbor's also testified that he owes his father money. So while Mark Neighbors testified he some agreement to repay his father, his father holds a Claim in the case.

The Neighbors bear the burden in regard to their Motion to Dismiss. *In re Bushyhead*, 525 B.R. 136, 137 (Bankr. N.D. Okla. 2015) (citing *Simon v. Amir* (*In re Amir*), 436 B.R. 1, 16 (6th Cir. BAP 2010) (burden on moving party to establish cause under § 707(a)). Moreover, it is patently unfair and inequitable to expect a trustee or a single creditor to essentially find the "needle in the haystack" and discover the true and current nature a debtor's finances when the debtor have taken efforts to obscure the facts. In this case, it was not until midway through the Hearing that the Trustee obtained a copy of the Nationstar settlement agreement, despite months of efforts to obtain this information. The agreement and other documents shared with the Trustee and Citi's counsel for the first time during the Hearing reflect the Neighbors made false or at least incorrect assertions in the Nationstar settlement agreement and in the modification agreement. Moreover, the manner in which this crucial information was presented is an excellent illustration of the "needle in the haystack" dilemma facing the Trustee.

Another example of this perplexing situation is the previously undisclosed manner in which the Neighbors had apparently sent funds to prepetition creditors who had filed proofs of claims in order to obtain withdrawals of those claims. All of this was done without disclosure

2

despite the fact that there were multiple opportunities for the Neighbors or their counsel to disclose why those claims were withdrawn. Additionally, each of those creditors apparently received full payment of the face value of their filed proofs of claim, though Mr. Neighbors could not explain the source of those funds. However, Mr. Neighbors' testimony does not prove that these creditors do not hold a Claim in the case since there is no evidence in the record as to the nature of any agreements reached in connection with the Neighbors' payments to these creditors. Additionally, to the extent that there are assets which exceed the amount of the claims in the case, then claimants are entitled to interest payments.

In regard to Erickson Solutions, we learned at the Hearing that negotiations continue as to the resolution of that claim and, as demonstrated by the attachments to the proof of claim filed in the Neighbors Investment case, some charges are owed by the Neighbors individually. Though not an issue for this Hearing, the question remains what type of electronic information is in possession of Erickson Solution and whether that constitutes property of the Neighbors personal bankruptcy estate (since Neighbors Investment simply owns non-income producing real property and has no business operations).

## CONCLUSION

The Neighbors have failed to meet their burden at the Hearing and, in fact, the testimony and evidence demonstrates the obstacles that any party would have in trying to ascertain the true and accurate nature of the Neighbors' financial situation at the time of the Hearing in light of the Neighbors' repeated disregard of their duties under the Bankruptcy Code. The Neighbors' request to dismiss their case has not been brought in good faith or for a proper purpose. The Neighbors' continuing efforts to shield crucial information from the Trustee and any party who

3
Case 11-21003   Doc# 677   Filed 10/14/16   Page 3 of 4

may hold a claim in their case, as well as administrative claimants, has created unnecessary delay and administrative expenses to the detriment of their creditors. The Trustee requests that the Court find that the Neighbors failed to meet their burden at the Hearing and that Motion to Dismiss be denied and for such other and further relief as is just and equitable.

Respectfully submitted,

s/ Patricia E. Hamilton
Patricia E. Hamilton KS #13263
917 SW Topeka Blvd.
Topeka, KS 66612
785-408-8000 phone
785-408-8003 fax
phamilton@stevensbrand.com
Chapter 7 Trustee
Counsel for the Chapter 7 Trustee

CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the Trustee's Post-September 27 Hearing Brief was filed electronically on October 14, 2016, with the United States Bankruptcy Court for the District of Kansas using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.

Further, I certify that a copy of the foregoing was served by U.S. Mail, first class postage prepaid and properly addressed to the following party/parties.

NEIGHBORS, MARK STEPHEN
14761 BOND STREET
OVERLAND PARK, KS 66221

NEIGHBORS, SHELLY KAY
14761 BOND STREET
OVERLAND PARK KS 66221

s/ Patricia E. Hamilton
Patricia E. Hamilton