# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

In Re:                                        )
                                              )
  Mark Stephen Neighbors, and           ) Case No. 11-21003 DLS
  Shelly Kay Neighbors,                 )
                                              ) Chapter 7
              Debtors.                    )

## DEBTORS' POST-SEPTEMBER 27TH HEARING BRIEF

COME NOW Debtors, Mark S. Neighbors and Shelly K. Neighbors, by and through counsel, and submit their post-trial brief with respect to the bifurcated hearing held on September 27, 2016 (the "Hearing").

## INTRODUCTION

Debtors filed their voluntary petition for relief under Chapter 11 on April 12, 2011 (Doc. 1). On September 31, 2015, CitiMortgage, Inc. ("CitiMortgage") filed a Motion to Convert Debtors' Chapter 11 bankruptcy to a Chapter 7 bankruptcy (Doc. 416). Debtors opposed CitiMortgage's Motion to Convert, arguing, in part, that the Debtors' bankruptcy had no significant remaining unsecured creditors other than CitiMortgage.[1] CitiMortgage argued, in part, that there were significant unsecured creditors that still existed in the Debtors' bankruptcy.[2] After the Debtors' bankruptcy was involuntarily converted to Chapter 7, the Debtors filed a Motion to Dismiss their Chapter 7 Bankruptcy Case, arguing that the Court should dismiss their bankruptcy under 11 U.S.C. § 707(a) or abstain under 11 U.S.C. § 305(a).[3] Pursuant to the Debtors' request for a bifurcated hearing and the Debtors' Motion to Dismiss their Chapter 7 Bankruptcy Case, the Court held a hearing on

---

[1] *See* Stipulated Exhibit S68.
[2] *See* Stipulated Exhibit S68.
[3] Doc. 574, *Motion to Dismiss Chapter 7 Bankruptcy*.

1

whether additional creditors, other than CitiMortgage, remained in the Debtors' bankruptcy case.

## ARGUMENT

**Issue of Law: It is appropriate and within the Court's discretion to dismiss a converted bankruptcy case under 11 U.S.C. § 707(a) and/or abstain under 11 U.S.C. § 305(a) when there is only one pre-petition creditor.**

1. **Legal Standard for 11 U.S.C. § 305(a)(1).**

11 U.S.C. § 305(a)(1) states that "[t]he court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if– the interests of creditors and the debtor would be better served by such dismissal[.]"

"Dismissal or suspension of a case may be appropriate when the bankruptcy case constitutes a two-party dispute between the debtor and a single creditor."[4]

"There is no need for a federal court to resolve this two-party dispute that implicates purely state law issues."[5] A bankruptcy court is "compelled to abstain pursuant to 11 U.S.C. § 305 because this is essentially a two-party dispute for which the parties have adequate remedies in state court."[6] "With the exception of possible attorneys' fees, the Court finds no unsecured creditors; the debtor has a group of secured creditors, who can look out for themselves in the nonbankruptcy court."[7]

---

[4] *In Re Dzierzawski*, 528 B.R. 397, 406 (Bankr. E.D. Mich. 2015) (quoting 2 *Collier on Bankruptcy* ¶ 305.02[d], at 305-9).
[5] *In Re Spade*, 258 B.R. 221, 235 (Bankr. D. Colo. 2001) (citing *In Re Mazzocone*, 183 B.R. 402, 421 (Bankr. E.D. Pa. 1995)).
[6] *In Re Mountain Dairies*, 372 B.R. 623, 635 (Bankr. S.D.NY. 2007).
[7] *In Re Mazzocone*, 183 B.R. 402, 419-20 (Bankr. E.D. Pa. 1995) (citing *Albany Partners, Ltd. V. Westbrook (In re Albany Partners, Ltd.)*, 749 F.2d 670 (11th Cir. 1984)).

"[T]here are many cases which hold that a dismissal is appropriate when the substance of the bankruptcy case is nothing other than a two party dispute."[8]  A reason to dismiss a bankruptcy under Section 305(a)(1) "is the absence of a true bankruptcy purpose, particularly where the bankruptcy case constitutes a two-party dispute between the debtor and a single creditor."[9]

"[I]t is undeniable that this case is, at its heart, a two-party dispute . . . [and] the facts suggest that dismissal under the abstention statute is the best remedy for all concerned . . ."[10]

The Debtors' Chapter 7 bankruptcy is best characterized as a two-party dispute under 11 U.S.C. § 305(a) because CitiMortgage is the only remaining creditor engaged in an active dispute with the Debtors.  Debtors have shown that no other creditors have an active, unsettled claim against the Debtors.[11]

The dispute between the Debtors and CitiMortgage includes the request by CitiMortgage to seek relief from the automatic stay in order to foreclose on the Debtors' real estate through the use of Kansas state courts[12] and the Debtors' litigation against CitiMortgage through the use of Missouri state courts.[13]  Both parties, CitiMortgage and the Debtors, are seeking to resolve their disputes through the use of state courts and not this federal bankruptcy court.

---

[8] *In Re Mazzocone*, 183 B.R. 402, 419 (Bankr. E.D. Pa. 1995).
[9] *Efron v. Candelario (In Re Efron)*, 529 B.R. 396, 406 (BAP 1st. Cir. 2015).
[10] *In Re Peter Hendrik Bos, Jr., & Legendary Holding, Inc.*, 15-30922-KKS & 15-30923-KKS, *59 (Bankr. N.D. Fla. 2016).
[11] *See* Stipulated Exhibit S6 and Debtors' Exhibit D1.
[12] *See* Doc. 408, *Motion for Relief from Automatic Stay*.
[13] *See Mark and Shelly Neighbors v. CitiMortgage, Inc.*, Adv. 15-06106 (2015) and *Mark and Shelly Neighbors v. CitiMortgage, Inc.*, Missouri case number 1511-CC00878.

During the Hearing, CitiMortgage failed to introduce any creditors as witnesses to show that creditors existed other than CitiMortgage.[14] The Chapter 7 Trustee also failed to introduce any creditors as witnesses despite possessing Chapter 7 authority to subpoena witnesses.[15]

CitiMortgage's and the Chapter 7 Trustee's inability to prove to the Court that other creditors exist is evidenced by the Court's statement at the close of all argument and evidence at the Hearing: "THE COURT: Okay. Thank you. Thank you, Mr. Neighbors. If there's nothing else, we're adjourned and I've got – wait, wait, wait, Okay. There is a request that you, Ms. Hamilton, and Mr. Johnson, tell us how they think they've proven there are additional creditors."[16] When the Court asked CitiMortgage and the Chapter 7 Trustee a direct question regarding the existence of additional creditors, both CitiMortgage and the Chapter 7 Trustee failed to give a direct answer or provide evidence supporting their claims.

The Debtors' Claims Register, coupled with the parties desire to utilize state courts to resolve their two-party dispute and the inability of CitiMortgage and the Chapter 7 Trustee to answer the Court's question as to the existence of any additional creditors, in addition to the other evidence and argument presented by the Debtors, unequivocally shows that the Debtors' bankruptcy is nothing more than a two-party dispute with CitiMortgage that should be dismissed under 11 U.S.C. 305(a).

---

[14] *See* Debtors' Exhibit D30.
[15] *See* Debtors' Exhibit D30.
[16] *See* Debtors' Exhibit D30 (Page 169, Lines 10-17).

2. **CitiMortgage, Inc. and the Chapter 7 Trustee Incorrectly Allege that Mark Neighbors' Father is a Creditor.**

In the Chapter 7 Trustee's Post-September 27 Hearing Brief, the Chapter 7 Trustee states "[s]o while Mark Neighbors testified he some agreement to repay his father, his father holds a [c]laim in the case."

In CitiMortgage's Post-September 27 Hearing Brief, CitiMortgage states that a loan made by Mark Neighbors' father was not listed in the Debtors' schedules and therefore all creditors have not received notice of the Debtors' bankruptcy case.

It is important to note that Mark Neighbors' father is aware of the Debtors' bankruptcy proceedings, has not filed a proof of claim[17], has not attended any of the Section 341 Meetings[18], and was not called as a witness by CitiMortgage or the Chapter 7 Trustee to testify at the September 27, 2016 hearing[19].

Both statements, one by the Chapter 7 Trustee and one by CitiMortgage, are made approximately two months after the attorney for Mark Neighbors' father, Stanley Woodworth, e-mailed the Chapter 7 Trustee and her staff member, Andrea Boyd, that Mark Neighbors' father was not a creditor of the Debtors.[20] In addition, counsel for Mark Neighbors' father acknowledges that the Debtors have filed for bankruptcy when Mr. Woodworth responds to certain inquiries made by the Chapter 7 Trustee in regards to the Debtors' bankruptcy case.[21]

---

[17] *See* Stipulated Exhibit S6.
[18] *See* Stipulated Exhibits S69, S70, and S71.
[19] *See* Debtors' Exhibit D30.
[20] *See* Debtors' Exhibit D31.
[21] *Id.*

While Mark Neighbors may feel a moral obligation to his father to compensate him for any help that his father has provided, that moral obligation does not equate to a legal obligation. This is confirmed in the e-mail sent by Mr. Woodworth when he states that Mark Neighbors' father was not a creditor of the Debtors.[22]

The allegation, made by the Chapter 7 Trustee and CitiMortgage, Inc., that Mark Neighbors' father is a creditor is patently false and provides misinformation to the Court in an attempt to create the existence of a creditor who has plainly stated that he is not a creditor.

Due to the statement provided by Stanley Woodworth, counsel for Mark Neighbors' father, CitiMortgage, Inc. and the Chapter 7 Trustee have failed to show that Mark Neighbors' father is a creditor.

**3.     CitiMortgage, Inc. and the Chapter 7 Trustee Incorrectly Allege that Nationstar Mortgage, LLC is a Creditor.**

The Chapter 7 Trustee, through her post-hearing brief, argues that Nationstar Mortgage, LLC ("Nationstar") is a creditor because the Chapter 7 Trustee was not able to review the Nationstar settlement agreement until the day of the Hearing. The Chapter 7 Trustee argues that, because she feels as though getting access to the documents was similar to finding a "needle in the haystack", that Nationstar is still a creditor in the Debtors' bankruptcy case.[23]

Although the Chapter 7 Trustee argues that Nationstar is a creditor, the Chapter 7 Trustee did not use her Chapter 7 authority to subpoena Nationstar or call Nationstar or any of its counsel as a witness for the Hearing. Instead, the Chapter 7 Trustee attempts to

---

[22] *Id.*
[23] *See* Doc 677, *Chapter 7 Trustee's Post-September 27 Hearing Brief.*

speak on behalf of Nationstar, despite Nationstar having its own counsel, C. Spence Stover.[24]

In addition, the Chapter 7 Trustee's post-hearing brief is misleading because it does not enlighten the Court as to the reason why she was unable to review the settlement agreements until the date of the hearing. The Chapter 7 Trustee concealed an e-mail, from Debtors' counsel to the Chapter 7 Trustee, her staff and the U.S. Trustee, on July 5, 2016, explaining that the settlement agreement was not to be disclosed to anyone without a court order directing the Debtors or Nationstar to release the documents.[25]

The Chapter 7 Trustee's inability to accept or recognize the correct method to obtain the settlement agreement does not establish Nationstar as a creditor.

CitiMortgage, through its post-hearing brief, argues that Nationstar is a creditor because Nationstar failed to withdraw its proof of claim and still has a lien on real estate previously owned by the Debtors located at 16963 Gentle Slopes Drive, Gravois Mills, Missouri 65037.

Similar to the Chapter 7 Trustee, CitiMortgage argues that Nationstar is a creditor without calling Nationstar or any of its counsel as a witness for the Hearing. CitiMortgage also fails to recognize the existence of the settlement agreement and fails to disclose to the Court that Nationstar filed a full deed of release on their mortgage. Moreover, CitiMortgage, mirroring the Chapter 7 Trustee, attempts to speak on behalf of Nationstar despite Nationstar having its own counsel, C. Spence Stover.[26]

---

[24] *See* Stipulated Exhibit S45.
[25] *See* Debtors' Exhibit D32.
[26] *See* Stipulated Exhibit S45.

7

Although Nationstar has not withdrawn its proof of claim, any and all disputes between Nationstar and the Debtors have been settled and concluded. Mark Neighbors testified that a settlement agreement was reached with Nationstar and that Nationstar's lien was subsequently satisfied in full by the sale of the property located at 16963 Gentle Slopes Drive, Gravois Mills, Missouri 65037.[27]

However, the Debtors do not rely simply upon testimony that the Nationstar lien has been fully released. Pursuant to the sale of the 16963 Gentle Slopes Drive property, Debtors' issued a Missouri Warranty Deed to the buyers of the property which states that the buyers were receiving the property ". . . free and clear from any encumbrances . . ."[28]

In addition to the warranty deed, Debtors received a HUD-1 Settlement Statement from McCaffree Short Title Company, Inc. stating that the payoff amount to Nationstar was to be satisfied in full by the sale proceeds.[29]

In addition to the warranty deed and the HUD-1 statement, Nationstar filed a Full Deed of Release, citing the property's address of 16963 Gentle Slopes Drive and citing the original loan's Instrument Number of 2005-7604.[30]

In addition to the warranty deed, HUD-1 statement, and full deed of release, the Debtors' counsel received a letter from Nationstar stating that it had received the payoff funds from the sale of the 16963 Gentle Slopes Drive property.[31]

---

[27] *See* Debtors' Exhibit D30 (Page 69, Lines 3-14; Page 70, Lines 15-17; Page 77, Lines 6-13; Page 84 Lines 20-23; Page 138, Lines 24-25; Page 139, Lines 1-10; Page 141, Lines 10-22; Page 143, Lines 14-20; Page 146, Lines 14-25; Page 147, Lines 1-25; and Page 148, Lines 1-12).
[28] *See* Debtors' Exhibit D33.
[29] *See* Debtors' Exhibit D34.
[30] *See* Debtors' Exhibit D35.
[31] *See* Debtors' Exhibit D36.

8

The Debtors' testimony, the settlement agreement, and the real estate closing documents unambiguously show that Nationstar is not a creditor in the Debtors' bankruptcy case.

### 4. Abstention under 11 U.S.C. 305(a) is Appropriate

"Abstention puts both parties almost back to where they want to be. Abstention allows [the debtors] out of bankruptcy, sends [the creditor] back to state court for collection of its judgment, and does not throw [the debtors'] businesses, and thereby the other creditors, 'under the bus.' Neither side is punished, nor is either rewarded, for its actions prior to or during these involuntary cases."[32]

"It must first be noted that the Petitioning Creditors do not represent the interests of *all* creditors in this case."[33] "[T]he bankruptcy code should not be used 'as a club against debtors . . .'"[34]

"The Supreme Court and the Tenth Circuit have acknowledged that debtors are stigmatized by bankruptcy proceedings."[35] "Additionally, clearly there is a detriment to a debtor being dragged into the bankruptcy court especially when there is an alternative forum as there is in this case."[36]

The Chapter 7 Trustee and CitiMortgage, Inc. attempt to speak on behalf of and represent the interests of other alleged creditors, particularly Nationstar and Mark Neighbors' father, when they argue that creditors still exist. However, the Chapter 7 Trustee and CitiMortgage do not have the capacity or ability to speak on behalf of other

---

[32] *In Re Peter Hendrik Bos, Jr., & Legendary Holding, Inc.*, 15-30922-KKS & 15-30923-KKS, *67 (Bankr. N.D. Fla. 2016).
[33] *In Re Spade*, 258 B.R. 221, 236 (Bankr. D.Colo. 2001) (emphasis in original).
[34] *In Re Elsa Designs, Ltd.*, 155 B.R. 859, 863 (Bankr. S.D.NY. 1993) (citing 130 Cong.Rec. S. 7618 (daily ed. June 19, 1984)).
[35] *In Re Spade*, 258 B.R. 221, 237 (Bankr. D.Colo. 2001) (citations omitted).
[36] *Id.* at 224-25 (citing *In Re Tarletz*, 27 B.R. 787, 793 (Bankr. D.Colo. 1983)).

parties.  In addition, the Chapter 7 Trustee and CitiMortgage fail to produce any oral testimony or affidavits from their alleged remaining creditors.

Mere statements, without any actual evidence, is not enough to disprove the Debtors' contention that CitiMortgage is the only remaining creditor.

## CONCLUSION

The Debtors have met their burden under 11 U.S.C. 305(a) to show that CitiMortgage is the only remaining creditor and that their bankruptcy case is nothing more than a two-party dispute that does not belong in federal bankruptcy court.

The Court summarized the Debtors' arguments impeccably when, at the end of the Hearing, the Court called upon CitiMortgage and the Chapter 7 Trustee to simply name one creditor that remains in the Debtors' bankruptcy case other than CitiMortgage. The Chapter 7 Trustee and CitiMortgage were not able to respond to the Court that day because there are no other creditors in the Debtors' bankruptcy case.

Therefore, the Court should dismiss the Debtors' Chapter 7 bankruptcy case pursuant to 11 U.S.C. 305(a).

Respectfully submitted,

LAW OFFICE OF CAMRON HOORFAR, P.C.

By: /s/ Camron Hoorfar, J.D.  LL.M.
Camron Hoorfar, J.D.   LL.M.
MO 60942   KS 24008    OK 31924
202 SW Market Street
Lee's Summit, MO  64063
Phone:  816-524-4949
Fax:  816-524-4963
Choorfar@Hoorfarlaw.com
ATTORNEYS FOR DEBTORS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the Debtors' Post-September 27th Hearing Brief was served, in addition to the parties notified by the US Bankruptcy Court's electronic notification, upon the affected creditor and other parties in interest this 31st day of October, 2016 by United States Mail, first class, postage prepaid, to:

Patricia Hamilton
917 S. Topeka Blvd.
Topeka, KS 66612
CHAPTER 7 TRUSTEE

Eric Johnson
1000 Walnut Street
Suite 1400
Kansas City, MO 64106
ATTORNEYS FOR CITIMORTGAGE, INC.

/s/ Camron Hoorfar, J.D. LL.M.
Camron Hoorfar, J.D. LL.M.